56  263
81  332

# J. P. Larson v. Central Railway Co.

1. NEGLIGENCE—*What Makes a Prima Facie Case—Fallen Electric Wires.*—The proof of an injury occurring as the proximate result of an act which under ordinary circumstances would not, if done with due care, have injured any one, is enough to make out a presumption of negligence. So when a company permitted a broken electric wire to hang loose in the streets, proof of an injury resulting makes out a *prima facie* case.

2. SAME—*Use of Dangerous Agents.*—In the use of dangerous agents, like electricity, for the propelling of street cars carrying passengers, the law requires a high degree of care commensurate with the danger.

Memorandum.—Trespass to personal property. In the Circuit Court of Peoria County, on appeal from a justice of the peace; the Hon. NICHOLAS E. WORTHINGTON, Judge, presiding. Trial by jury; verdict

and judgment for defendant; appeal by plaintiff. Heard in this court at the May term, 1894. Reversed and remanded. Opinion filed December 13, 1894.

APPELLANT'S BRIEF, ARTHUR KEITHLEY, ATTORNEY.

Appellant contended that the proof made out a *prima facie* case.

The plaintiff while walking on the sidewalk was burned by a cinder falling from an elevated railroad engine, and the court held that, presumptively, the defendant was guilty of negligence. Weidmur v. N. Y. Elevated Railway Co., 41 Hun 284; Holbrook v. Utica R. R. Co., 12 N. Y. 236; Field v. N. Y. C. R. R. Co., 32 N. Y. 339; Hall v. R. R. Co., 14 Cal. 387; Ellis v. R. R. Co., 2 Iredell 138.

The very nature of the accident may, of itself, and through the presumption it carries, supply the requisite proof of negligence. Wharton on Negligence, Sec. 421.

There are cases where the maxim *res ipsa loquitur* (the thing speaks for itself) is directly applicable, and from the thing done or omitted, negligence or care is presumed. 16 Am. and Eng. Ency. of Law, 448.

Even the injury itself often affords sufficient *prima facie* evidence of negligence. Cooley on Torts, 2d Edition, page 794; Uggla v. West End Street Railway Company (Mass.), 35 N. E. Rep. 3326.

APPELLEE'S BRIEF, STEVENS & HORTON, ATTORNEYS.

The instructions asked on behalf of the defendant stated the law correctly. There is no presumption of negligence from the mere happening of an injury, and the burden of proof was upon the plaintiff to show negligence in some one of the particulars mentioned in the instructions. Nichols v. City of Minneapolis (Minn.), 23 N. W. Rep. 868; Sack v. Dolese, 137 Ill. 129; 2 Thompson on Negligence, 1227; Buswell on Personal Injuries, 158; Booth on Street Railway Law, 439; North Side Street Railway Company v. Want (Tex.), 15 S. W. Rep. 40; Potts v. Chicago City Ry. Co., 33 Fed. Rep. 610; Hazel v. People's Passenger Railway Co., 132 Pa. St. 96; Philadelphia City Passenger Ry. Co. v.

Henrice, 92 Pa. St. 431; Roller v. Sutter Street Ry. Co., 66 Cal. 230; Cosulich et al. v. Standard Oil Co. (N. Y.), 25 N. E. Rep. 259; W. St. L. & P. Ry. Co. v. Lock (Ind.), 14 N. E. Rep. 391; Walker v. C., R. I. & P. Ry. Co. (Ia.), 33 N. W. Rep. 224; Huff v. Austin (O.), 21 N. E. Rep. 864; Wied-- mur v. N. Y. Elevated Railroad Co. (N. Y.), 21 N. E. Rep. 1041; The Nitro-Glycerine Case, 15 Wall. (U. S.) 524.

The ordinance of the city of Peoria granting the franchise to the Central Railway Company is in the nature of a contract between the municipality and the company, and does not confer any right of action upon an individual for the private wrong, there being no privity of contract between such individual and the grantee of the franchise. Gardner v. Detroit Street Ry. Co. (Mich.), 58 N. W. Rep. 49; Beck v. Kittaning Water Co. (Pa.), 11 Atl. Rep. 300; House v. Houston Water Works Co. (Tex.), 22 S. W. Rep. 277; Button v. Green Bay & Fort H. Water Works Co. (Wis.), 51 N. W. Rep. 84; Mott v. Cherryvale Water & Manufacturing Co. (Kas.), 28 Pac. Rep. 989; Becker v. Keokuk Water Works (Ia.), 44 N. W. Rep. 694.

Plaintiff can not now complain of errors in defendant's instructions. He submitted his case to the jury as an action of tort for negligence and the defendant's instructions were drawn upon that theory. Neither can he ask for reversal on the ground of rights he may possibly have under the ordinance, having first tried his case as action of tort. I. C. R. R. v. Latimer, 128 Ill. 172; Springer v. City of Chicago, 135 Ill. 552; McMahon v. Sankey, 35 Ill. App. 343; Chicago Anderson Pressed Brick Co. v. Reininger, 41 Ill. App. 324; Willard v. Swanson, 22 Ill. App. 424; Barker et al. v. Livingston Co. National Bank, 30 Ill. App. 591; Consolidated Coal Co. v. Haenni, 146 Ill. 614; Chicago v. Moore, 40 Ill. App. 334; Rockford v. Falver, 27 Ill. App. 607.

MR. PRESIDING JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This was a suit commenced by appellant before a justice of the peace to recover the price of a horse killed by an

electric shock from a wire charged with electricity loose in the streets, claimed to be caused by the negligence of appellee, the owner and conductor under charge of an electric street railway.

The appellant recovered before the justice, but on appeal to the Circuit Court and trial by jury, a verdict was found in favor of appellee and judgment rendered against appellant for costs; from this judgment this appeal is taken.

The facts of the case are in substance as follows:

Charles Larson, son of appellant, was driving the latter's horse attached to a delivery wagon, appellant being a grocer, and the horse stepped on an electric wire and dropped dead. Appellee had power by ordinance of the city of Peoria to operate an electric railway in the street at the place of the accident. The wire on which the horse stepped rested on the trolley wire directly over the track and car. The wire, before it was broken, was fastened to a pole at the corner of Washington and Main streets toward the bank, and went diagonally across the street; the horse was worth $150.

The driver did not see the wire till the horse was down; the wire was hanging down on the track and in the middle of the street. The wire had been hanging above the appellee's trolley wire at the corner above named and had been for two years. While the electric car was coming up Main street the trolley pole slipped off the trolley wire on which it ran and flew up and against the suspension wire and broke it, so it fell down, where it was stepped on by the horse. It had been down three or four minutes before it was stepped on by the horse. The conductor did not know that the trolley was off until called to by a bystander. The trolley was out of place, no one giving any attention and no heed as to whether it had done any damage when off at a place where a wire that might be broken was known to be.

*Prima facie* the accident was due to the negligence of the appellee, and it offered no evidence to rebut such proof.

The main question of law in this case is whether appellant, after making the proof he did, was bound to go further

and show negligence of the appellee in the premises, by additional proof.

The rule of law as established in this State, however it may be in other States, is " that proof of an injury occurring as the proximate result of an act, which under ordinary circumstances would not, if done with due care, have injured any one, is enough to make out a presumption of negligence. And this is to be held to be the rule even where no special relation, like that of passenger and carrier, exists between the parties." North Chicago St. Ry. Co. v. Cotton, 140 Ill. 486, and cases there cited. In the case of the use of a highly dangerous agent, like electricity, for the propelling of street cars for the carrying of passengers, the law requires a high degree of care commensurate with the danger. If a wire highly charged with electricity is allowed to hang loose in the street as this was, where people are traveling in the streets, the result to pedestrians or horses coming in contact with it is instant death. Therefore a party who employs such agency should use the highest degree of care to avoid exposing the public to such danger. If such care had been exercised, either this wire would not have been broken by the trolley pole, or if broken, the conductor would have discovered it and the wire been instantly removed. Instead of this the street car conductor operating the car in question was not aware of the accident until called to and informed that his trolley pole was off the wire. Then instead of examining whether any damages had been done by it he simply replaced the pole and moved on.

The appellee insists that notwithstanding the instructions on its part might be faulty, which it disputes, yet, the appellant is estopped from complaining, for the reason, he asked instructions announcing the same rule of law, which the court gave. We do not think appellant's instructions are subject to this criticism.

It is true, on his part the jury was instructed that if the defendant was either careless or negligent in letting the wire remain in the street after the same was broken and the horse injured thereby, or the jury believed from the evi-

dence that defendant carelessly or negligently operated its cars in such a way as to cause the accident, etc., which resulted in the death of the horse, etc., then the jury should find for the appellant.

While this form of instruction was strictly correct as matter of law, it did not tell the jury that such negligence might not be inferred or should not be inferred, *prima facie*, from the undisputed evidence, and was not as favorable to the appellant as it might have been; yet, this did not, by implication or otherwise, authorize the court to go further and instruct the jury as it did in other instructions given at the instance of appellee, that it was not enough to show the " wire was broken by one of the cars and that alone would not render the defendant liable, * * * but appellant must show by facts and circumstances that such act was negligence, and the jury had no right to presume it was negligence, and if there are no facts and circumstances in evidence on that point, then the jury should find defendant not guilty."

This was the substance of the fourth instruction, and the jury would clearly understand that the facts and circumstances of the tearing down of the wire and not removing it, were not in themselves, as shown by the evidence, sufficient to raise a presumption of negligence, but other evidence of negligence must have been shown to render appellee liable.

The same fault is in instructions given for appellee Nos. three, five and six.

It will not be necessary to notice the point raised over the city ordinance further than to say we think the point was not raised in apt time.

Finding that on the evidence, if not rebutted, which it was not, there should have been a verdict for appellant, the judgment of the court below is reversed and the cause remanded.