## THE CHICAGO UNION TRACTION COMPANY

### *v.*

### INGA NEWMILLER.

*Opinion filed April 17, 1905—Rehearing denied June 8, 1905.*

1. NEGLIGENCE—*what establishes prima facie case of negligence.* Proof of an injury to a passenger in the exercise of ordinary care upon the car of a common carrier, occasioned by ·some defect in machinery wholly within the control of the carrier, establishes a *prima facie* case of negligence, and the burden is on the carrier to show the accident occurred without its fault.

2. PLEADING—*when allegations in action of negligence are sufficient after verdict.* Allegations that while plaintiff was a passenger on defendant's car and was exercising due care for her safety a fuse exploded by the negligence of defendant, causing a loud report and flame and smoke and producing a. panic among the passengers, by reason of which they rushed for the rear door, whereby plaintiff was pushed ·and thrown from the car and injured, are sufficient after plea and verdict.

3. INSTRUCTIONS—*when giving instruction as to sudden peril is not error.* Giving an instruction stating that "if a person, without fault on her part, is confronted with sudden danger or apparent sudden danger, the obligation resting upon her to exercise ordinary care for her own safety does not require her· to act with the same deliberation and foresight which might be required under ordinary circumstances," is not error, where the evidence shows that to a person of ordinary prudence there was sudden and apparent danger of fire.

4. SAME—*court is not required to repeat instruction.* The court is not required to repeat its instructions to the jury, but, on the contrary, should avoid doing so.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. M. KAVANAGH, Judge, presiding.

· This is an action on the case brought by Inga Newmiller, against the Chicago Union Traction Company, to recover damages for personal injuries alleged to have been sustained by her while a passenger upon one of its cars.   .

The original declaration alleges that on April 29, 1902, the defendant received the plaintiff on one of its east-bound electric Lake street cars as a passenger, and that while she was in the exercise of ordinary care for her own safety a fuse exploded, causing a loud report and a large amount of flame and smoke on said car, caused by the recklessness and negligence of the defendant, which explosion, flame and smoke produced a panic among the passengers, by reason of which they made a rush for the rear door and platform, whereby the plaintiff was pushed and thrown from the car and was injured. An additional count alleged that while the plaintiff was a passenger on said car and was exercising ordinary care for her own safety an explosion occurred, caused by the negligence of the defendant, thereby causing a loud report and a large amount of flame and smoke in said car, which explosion, flame and smoke produced a panic among the passengers, by reason of which they made a rush for the rear door and platform, whereby the plaintiff was pushed and thrown from the car and injured. The defendant filed a plea of not guilty and the trial was by jury.

The accident on account of which this suit was brought occurred April 29, 1902, about one o'clock in the afternoon. The car in question was a Lake street electric car east-bound, and the accident occurred while the car was crossing Garfield Park. It was a long, closed car, with seats running lengthwise, and the plaintiff, a young woman about twenty-five years of age, sat at the extreme rear end on the left-hand side. There were twenty to thirty-five other passengers in the car. The controller was located on the front platform, close to the dash-board. While running at the rate of six or seven miles an hour there was a sudden flash and noise from the controller, and flames shot out of it to a height of five or six feet. The noise of the explosion was compared by one witness to the report of a shot-gun and by another to the explosion of a fire-cracker. The passengers rushed out of the car onto the rear platform, and the plaintiff, who was

also endeavoring to get out, was pushed off and fell to the pavement. Her injuries consisted of two broken ribs and other injuries which confined her to her bed for about a month. She also claimed that the accident caused her a severe nervous shock, which has resulted in epileptic fits. Upon a hearing judgment was rendered in her favor for $4500, which has been affirmed by the Appellate Court, and a further appeal has been prosecuted to this court:

JOHN A. ROSE, and ALBERT M. CROSS, (W. W. GUR-LEY, of counsel,) for appellant.

JOHN F. WATERS, and C. H. JOHNSON, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

It is insisted by appellant as grounds of reversal that the evidence is wholly insufficient to support the verdict; that the declaration is insufficient; that there is a variance between the allegations of the declaration and the proof; that the doctrine of sudden peril was improperly applied in the trial of the case, and that the court erred in giving and refusing instructions.

As has been held in many cases, we have nothing to do with the controverted facts of the case or whether the verdict is supported by the weight of the evidence. The judgment of the Appellate Court is conclusive of these questions.

At the close of all the evidence there was a written motion by appellant to exclude the evidence from the jury and to instruct the jury to find for the defendant, which was overruled by the court. On what particular grounds the motion was urged does not appear from the abstract; but in its consideration we are limited to the one question whether there was evidence fairly tending to support the verdict. It is not denied that appellant was rightfully a passenger on the defendant's car. As shown by the foregoing statement, she occupied a seat at the extreme rear on the left-hand

side, and there can be no pretense that she was not in the exercise of due care for her own safety at the time of the explosion. While in this position the explosion occurred in the controller on the front end of the car. The controller was a part of the machinery used in operating the car, and it was in the possession and under the control of the appellant. It is clear that the explosion and flames caused a panic among the passengers, which resulted in the injury. All of these facts are clearly proven by the evidence. As to the explosion being the result of the negligence of appellant, while, as a general rule, negligence is not to be presumed, there are well understood cases where the circumstances of the accident afford sufficient *prima facie* evidence of negligence. We think the case at bar falls fairly within the maxim *res ipsa loquitur*. Where an injury occurs to a person who is a passenger, in the exercise of ordinary care, upon the car of a common carrier, by some defect in the machinery wholly under the control of the carrier, a *prima facie* case of negligence on the part of the carrier is established, and the burden of proof is upon it to show that the accident was without its fault. (*Hart* v. *Washington Park Club,* 157 Ill. 9; *Chicago City Railway Co.* v. *Rood,* 163 id. 477; *New York, Chicago and St. Louis Railroad Co.* v. *Blumenthal,* 160 id. 40; *Toledo, Wabash and Western Railway Co.* v. *Moore,* 77 id. 217; *Illinois Central Railroad Co.* v. *Phillips,* 49 id. 234; *North Chicago Street Railway Co.* v. *Cotton,* 140 id. 486; *Galena and Chicago Union Railroad Co.* v. *Yarwood,* 15 id. 468.) The facts proved made a *prima facie* case of negligence against the appellant and were clearly sufficient to support the verdict, and therefore justified the court in overruling the motion to take the case from the jury. The question as to whether this *prima facie* case was rebutted by the appellant's evidence was one for the jury. If there was a material variance between the declaration and the evidence, (which we are unable to discover,) it was the duty of the appellant to call the attention of the court to it, either by ob-

jections to the evidence or a motion to exclude the same when the variance became apparent, or in some other way.  Such an objection, when raised as a question of law in this court, must have been presented to the trial court and a ruling upon it which this court can review.  (*Libby, McNeill & Libby v. Scherman,* 146 Ill. 540;  *Harris* v. *Shebek,* 151 id. 287;  *Chicago and Northwestern Railway Co.* v. *Gillison,* 173 id. 264.)  We find nothing in the abstract of the record showing that the question was presented to the trial court.  If it had been, the variance could doubtless have been removed by the introduction of other testimony or an amendment of the declaration.

It is again insisted that the declaration is defective in that it does not allege that appellee was injured by the explosion or in endeavoring to escape from danger apprehended by her from the explosion, but that she was injured by the passengers in rushing out of the car, there being no negligence shown or alleged against appellant in receiving the other passengers or in failing to restrain them; also, that the evidence shows that appellee jumped or fell from the car, and that she was not pushed or thrown therefrom.  We do not consider either contention tenable.  The declaration avers that the injury was the result of the explosion; that it created a panic among the passengers, causing them to rush to the rear door, appellee among them, and in the excitement she was pushed from the car onto the pavement and received the injury.  These allegations were clearly sufficient to sustain the plaintiff's action, especially after plea and verdict, and, as we have seen, the evidence fairly tends to sustain the declaration.

Complaint is further made of the giving of the first instruction on behalf of appellee, as follows:

"The court instructs the jury that if a person, without fault on her part, is confronted with sudden danger or apparent sudden danger, the obligation resting upon her to exercise ordinary care for her own safety does not require her to

act with the same deliberation and foresight which might be required under ordinary circumstances."

It is said the instruction states an abstract proposition of law, and that it omits the qualification that the danger must have been such as to be apparent to a person of reasonable prudence. There was certainly sufficient evidence upon which to base it, and thus remove the objection that it was a mere abstract proposition of law not applicable to the facts of the case; and it is also apparent, from the evidence as to the action of the other passengers at the time, that there was sudden and apparent danger of fire to a person of ordinary prudence. There was no error in giving the first instruction.

The fourth instruction given on behalf of appellee is also urged as error. It is as follows:

"The court instructs the jury that if you believe and find, from the evidence, that the plaintiff was a passenger on one of defendant's cars, and while such passenger she was in the exercise of ordinary care for her own safety, an explosion occurred on said car, by reason of which a panic was caused among the passengers in said car, in consequence of which the plaintiff, without fault on her part, was pushed from said car and thereby injured, then the plaintiff has made out a *prima facie* case of negligence against the defendant, and this places upon the defendant the burden of rebutting that presumption by proving that the explosion could not have been prevented by all that human care, vigilance and foresight could reasonably do, consistent with the mode of conveyance and the practical operation of the road."

It is insisted that this instruction is fatally defective in that it fails to inform the jury that in order to entitle plaintiff to recover she must have shown not only that an explosion occurred, but that such explosion was caused by some negligence on the part of the defendant. In accordance with the authorities already cited, the explosion of a part of the machinery under the control of appellant, injuring appellee in the exercise of reasonable care for her own safety, was

*prima facie* evidence of negligence on the part of appellant. What has been said with reference to the evidence of negligence on the part of the defendant, and the decisions cited, are equally applicable here.   We are of the opinion that the instruction announced correct rules of law applicable to the case, and is not defective in the particular pointed out by counsel for appellant.

Nor do we think it was error to refuse the fifth instruction asked on behalf of appellant.   It was as follows:

"The court instructs the jury that under the allegations contained in the declaration in this case they cannot find the defendant guilty unless they believe, from a preponderance of the evidence .in the case, that the plaintiff was in fact pushed and thrown from said car to and upon the street, in manner and form as charged in the declaration."

The ground upon which it is insisted it should have been given is, that there was evidence tending to show that appellee fell or jumped from the car.   The sixth instruction given at the request of the appellant told the jury that the allegation that the appellee was pushed and thrown from the car and injured was a material allegation of plaintiff's declaration, and that she must prove said allegation by a preponderance of the evidence or she could not recover.   To the same effect was the thirteenth instruction given on behalf of the appellant.   These instructions contained the same point sought to be presented by the fifth.   The court was not called upon to repeat its instructions to the jury.   On the contrary, it was its duty to avoid doing so.

We have given this record such consideration as the importance of the case demands, and are of the opinion no reversible error has intervened.

*Judgment affirmed.*