## Springfield Consolidated Railway Company v. Marguerite Johnson.

1. PASSENGER AND CARRIER—*when instructions as to duty of latter to former, not erroneous.* An instruction which tells the jury, in effect, that if the plaintiff was injured in the manner and under the circumstances charged in her declaration, it devolved upon the defendant "to show that said injury was occasioned without its fault or that of its servants;" and another which tells the jury that it was incumbent upon the defendant "to show that said injuries were occasioned by no lack or want of the highest degree of care and caution on its part, consistent with the practical operation of its road, for the safety and security of passengers or those about to become such," are not erroneous.

2. INSTRUCTIONS—*must be predicated upon the evidence.* Instructions not predicated upon any evidence in the case are properly refused.

3. VERDICT—*when not excessive.* A verdict of $1,000 in an action for personal injuries is not excessive where it appears that the injury in question consisted of a fracture of the pterion, which is a point about an inch and a half back of the eye, and that from such injury headaches followed which were likely permanently to continue.

Action in case for personal injuries.  Appeal from the Circuit Court of Sangamon county; the Hon. OWEN P. THOMPSON, Judge, presiding.  Heard in this court at the November term, 1906.  Affirmed.  Opinion filed June 1, 1907.

WILSON, WARREN & CHILD, for appellant.

T. J. CONDON and ALBERT SALZENSTEIN, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

Appellee recovered a judgment for the sum of $1,000 against appellant, to reverse which this appeal is prosecuted.

The first count of the declaration alleges that appellee was about to become a passenger on one of the cars of appellant standing on South Grand avenue near the south entrance to Washington Park in Springfield; that while she was entering the car with due care and caution for her own safety, the brake on the car nearest such entrance, through the carelessness of appellant's servants in setting or placing such brake, swung loose and struck the appellee in the forehead over the right eye, fracturing the skull and otherwise bruising her.  The second count alleges that while appellee was entering the car, the brake on the car nearest such entrance, through the negligence and want of proper care of the appellant, suddenly swung loose and struck appellee in the forehead over the right eye, fracturing her skull and otherwise bruising her.

The following are stated by appellant in its brief and argument filed in this court to be the facts:  "On the day of the accident, as one of appellant's cars reached the terminus of its line, appellee and Ethel Wisbee approached the car for the purpose of becoming passengers.  When the car reached the end of the line, the motorman who was then on the west end of it, removed the controller and started to walk through the

538    APPELLATE COURTS OF ILLINOIS.

VOL. 134.]    Springfield Cons. Ry. Co. v. Johnson.

car to the east end for the purpose of putting his controller on that end and starting the car on the return trip.

When the car stopped, the conductor, who was on the east end, got off, pulled the arm from the trolley wire and started to walk around to place the arm on the wire at the west end of the car. When he got about half way around he heard some one cry out, 'Oh!' whereupon he placed the trolley arm on the trolley wire at the west end of the car, boarded the car and found appellee and Ethel Wisbee standing up in the car, one of whom said that she had been hurt. As the motorman was passing through the car from the west end, when near the east end and before he had reached the east platform, he heard the same exclamation, of 'Oh!' Before leaving the west end of the car the motorman had released the brake on that end. The brake was of the goose-neck pattern and was located near the rear dashboard in the right-hand corner of the platform. Appellee testified that while she was stepping from the step of the car to the platform, with one foot on the step and the other on the platform, the brake handle suddenly flew around and struck her in the forehead. Ethel Wisbee testified that she got upon the car immediately in front of appellee and that before going from the car platform into the body of the car she turned around just in time to see the brake strike appellee in the forehead." The motorman testified that he thought he had used the same car all that day and that there was nothing wrong with it.

By one of the instructions given at the request of appellee, the jury was instructed, in effect, that if the plaintiff was injured by the means, in the manner and under the circumstances charged in her declaration, it devolved upon the defendant "to show that said injury was occasioned without its fault or that of its servants;" and by another, "to show that said injuries were occasioned by no lack or want of the highest degree of care and caution on its part, consistent

with the practical operation of its road, for the safety and security of passengers or those about to become such.''

It is urged that such instructions were erroneous for the reason that by them the jury were given to understand, not merely that the burden was upon the appellant to show that it was not guilty of negligence, but that unless the appellant produced evidence which explained the mysterious and unexpected action of the brake, so that the jury could see from such explanation that the appellant was not guilty of negligence, then the appellee was entitled to recover.

We do not regard the instructions as subject to the criticism urged. It is conceded by counsel that under the facts and circumstances shown by the evidence, the doctrine of *res ipsa loquitur* is applicable. In such case the mere occurrence of the accident affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care, and was sufficient *prima facie* proof of negligence to impose upon the defendant the *onus* of rebutting it. R. Co. v. Barker, 209 Ill. 321. By the instructions in question no greater burden was imposed upon the defendant than is imposed by law.

The court refused to instruct the jury, at the request of appellant, that the defendant was ''not bound to guard against every possible danger,'' and that if the injury ''was caused by a hidden defect in the mechanism of the brake not reasonably to be anticipated, and about which defendant had no knowledge,'' or ''by a dangerous defect in the mechanism of the brake unknown to the defendant, and which was so extraordinary or unusual as not to be reasonably anticipated,'' then the plaintiff could not recover. These instructions were properly refused, for the reason, among others, that there was no evidence tending to show that the mechanism of the brake was in any way defective. On the contrary, the evidence adduced by appellant showed that the brake and its appliances

540     APPELLATE COURTS OF ILLINOIS.

Vol. 134.]     Springfield Cons. Ry. Co. v. Johnson.

were in good condition and working order, and that no defect, either patent or latent, existed.

It is further contended that no negligence was shown on the part of appellant and that the verdict is therefore contrary to the evidence. Such contention is unwarranted. Under the rule of *res ipsa loquitur* it was unnecessary for the plaintiff to prove the particular negligence which caused the brake to swing loose. Appellee and Miss Wisbee each testified that they neither handled nor touched the brake, and the jury doubtless believed them. The motorman and the conductor denied that either of them handled or touched it. In this state of the proof, the only remaining theory tenable is that the brake was either improperly set or that it or its appliances were defective or in bad order. The claim by appellant that the occurrence was one of that class which are designated as pure accidents is absurd. Whether the evidence offered by appellant rebutted the *prima facie* case established by the doctrine of *res ipsa loquitur* was a question for the jury (Traction Co. v. Newmiller, 215 Ill. 383), and we think their findings were warranted by the evidence.

It is finally contended that the damages awarded are excessive. We do not think so. The evidence shows that the injury consisted of a fracture of the *pterion,* a point about an inch and a half back of the eye; that a week elapsed before such fracture was reunited, that during such period appellee was compelled to remain at a hospital at an expense of $8.40 and that she suffered intense pain for a time. She testified that prior to the injury she had never been afflicted with "headaches," but that since she had suffered severely from them and frequently. In this she was corroborated by the testimony of Dr. Otis, her family physician, who further stated that the injury had resulted in a condition of inflammation surrounding the nerve which would probably cause frequent "headaches," which condition would likely be permanent. In actions in tort it is the peculiar province of the jury to fix the

damages.  1 Sutherland on Damages, 810.  We are therefore loth to substitute our judgment for that of a jury, where the sum awarded is not clearly excessive.

The judgment of the Circuit Court is affirmed.

*Affirmed.*