## Mary C. Beatty v. Metropolitan West Side Elevated Railroad Company.

### Gen. No. 13,926.

1. PASSENGER AND CARRIER—*when doctrine res ipsa loquitur applies; when not.* Where the declaration contains a general charge of negligence and there is evidence that the plaintiff was a passenger and that an accident happened in and by which the plaintiff was injured, if the accident and circumstances attending it are so unusual and of such a nature that the accident could not well have happened without negligence on the part of the defendant, the doctrine *res ipsa loquitur* applies; but where the proof shows that the accident to the plaintiff happened in no unusual way, such as in this case from a sudden lurching or jerking of the car, the burden of proof is upon the plaintiff to establish the negligence charged and the doctrine *res ipsa loquitur* does not apply.

2. INSTRUCTIONS—*when undue prominence not given to particular issue.* The repetition in several instructions of the rule of law that the burden of proving negligence is on the plaintiff, is

not the giving of such undue prominence to a particular question of law as will warrant a reversal.

Action in case for personal injuries. Error to the Superior Court of Cook county; the Hon. ROBERT W. WRIGHT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Affirmed. Opinion filed May 1, 1908.

FRANK L. CHILDS, for plaintiff in error; ODE L. RANKIN, of counsel.

ADDISON L. GARDNER, for defendant in error; W. W. GURLEY, of counsel.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

In an action on the case for personal injuries brought by plaintiff in error against defendant in error, the trial resulted in a verdict for the defendant, and to reverse the judgment on that verdict plaintiff prosecutes this writ of error.

Defendant operated an elevated electric passenger railroad, and plaintiff was a passenger in one of its trains.

The declaration consists of two counts. The negligence alleged in the first count is, that defendant, "by its divers then servants, so negligently managed or operated its said train of cars on which the plaintiff was then and there a passenger, that while the plaintiff was in the exercise of due and ordinary care for her own safety, in consequence of such careless management, Mary C. Beatty, the plaintiff herein, was, before she had time to gain a seat, with great violence thrown or hurled to the floor over an obstruction in the aisle of defendant's said car."

The negligence alleged in the second count is, that defendant, "by its divers then servants, so suddenly and violently started or jerked forward the said train of cars on which the plaintiff was then and there a passenger, that notwithstanding the fact that she was a woman of great age and in the exercise of such care

and caution, which could be reasonably required of her, Mary C. Beatty, the plaintiff herein, was, before she had time to gain a seat, with great violence, thrown or hurled to the floor over an obstruction in the aisle of defendant's said car.''

Two witnesses only testified as to the accident, plaintiff and her daughter. Plaintiff testified that she entered the front door of the second car of the train, ''I took about two steps and the car gave a very swift jerk and started me to fall; before I could catch myself, it gave another very heavy jerk, very heavy, and by that time it threw me and I fell across a suit case and hurt my right arm.'' Her daughter testified that plaintiff was about one step inside the door when ''the car gave a very sudden jerk, sort of halted, then very sudden, that threw her. I was looking in the direction in which my mother was going. There was a very sudden jerk and then there was a sort of halt and then a still more sudden jerk that threw mother.''

The grounds of reversal argued in the brief for plaintiff in error, are that the court erred in refusing to give plaintiff's instruction No. 1, and in giving defendant's instructions 6 and 17. The following is plaintiff's instruction No. 1:

''The court instructs the jury that if they believe from the evidence that the plaintiff was a passenger upon the train of the defendant as alleged in the declaration, and that the plaintiff, while such passenger, if the jury believe from the evidence she was a passenger, used ordinary care for her own safety as alleged in the declaration, and that while in the exercise of ordinary care for her own safety, if plaintiff did exercise ordinary care for her own safety, plaintiff was injured by and through the operation of its train by defendant, if the jury believe from the evidence plaintiff was a passenger upon the train of defendant, then the law presumes the defendant to be guilty of negligence and the burden is upon defendant to rebut such presumption by showing that it was not guilty of negligence in the operation of the train in

question upon which plaintiff was a passenger, if plaintiff was a passenger upon train operated by defendant.''

The court gave for the plaintiff, with others, the following instructions:

''The court instructs the jury that common carriers of persons for hire in the operation and management of their cars are required to do all that human care, vigilance and foresight can reasonably do, consistent with the character and mode of conveyance adopted and the practicable prosecution of the business to prevent accidents to passengers riding upon their cars.

If the jury believe from the evidence that the plaintiff at the time in question was in the exercise of ordinary care, and was injured by or in consequence of the negligence of the defendant, if you believe from the evidence the defendant was negligent, as charged in the declaration, then you should find the defendant guilty.''

The cause of plaintiff's fall, according to the allegations of the first count of the declaration, was the negligence of the defendant in managing and operating the train. That count does not allege, as defendant in error seems to contend, that the suit case in the aisle was the cause of plaintiff's fall, but that when she fell, because the defendant ''negligently managed and operated its train,'' she fell on or over an obstruction in the aisle of the car. The charge of negligence in the first count is very general; that the defendant negligently managed and operated its said train of cars, etc.

That where the declaration contains a general charge of negligence and there is evidence that the plaintiff was a passenger and that an accident happened in and by which plaintiff was injured, if the accident and circumstances attending it are so unusual and of such a nature that the accident could not well have happened without negligence on the part of the defendant, the plaintiff is entitled to have an in-

struction given to the jury in substance the same as plaintiff's refused instruction No. 1, is well settled. Whether in a particular case proof that an accident happened to a passenger will be of such legal value as to make out a *prima facie* case of negligence against the carrier, depends on whether the accident is of a kind which does not ordinarily occur if due care has been exercised. A *prima facie* case is made out and a presumption of negligence on the part of the carrier arises from proof that a passenger was injured by derailment, collision with a train, or an object on the track, the breaking of a wheel, an explosion, and many other causes. In C. U. T. Co. v. Newmiller, 215 Ill. 383, the injury resulted from an explosion in the controller of an electric motor, and it was said that the case fell fairly within the doctrine of *res ipsa loquitur*. The doctrine of *res ipsa loquitur* is not applied "unless the accident is of a kind which does not ordinarily occur if *due care has been exercised.*" 6 Thomp. Neg., sec. 7635.

All that was proved in this case was that the car jerked or lurched, and thereby the plaintiff was thrown down and injured. She was in the car next behind the motor car. The train could not be started without causing that car to jerk or lurch to some extent. It is quite possible that from only the ordinary and unavoidable jerking or lurching of a car caused by starting a train, a passenger might, without negligence on his part, lose his balance and fall. The question is not, whether the jury might from the evidence as to the jerking of the car, have found as a fact that the defendant negligently operated the train, but is, whether from the fact that the plaintiff, a passenger, without negligence on her part, lost her balance and fell, because of the jerking or lurching of the car, and was injured, the law presumes that the defendant negligently started the train. We think that under the evidence in this case the question whether the defendant was or was not guilty of negligence in starting the

Beatty v. Metropolitan W. S. El. R. R. Co.

train, was a question of fact for the jury; that question was submitted to the jury by other instructions given for the plaintiff, and the trial court did not, in our opinion, err in refusing plaintiff's first instruction.

Instructions 6 and 17, given for the defendant, are as follows:

"6.   The jury are instructed that this is an action brought by the plaintiff to recover from the defendant damages for personal injuries alleged to have been sustained as a result of negligence on the part of the defendant, as charged in plaintiff's declaration in this case, and the burden rests upon the plaintiff to prove negligence on the part of the defendant as charged. Unless the jury believe that plaintiff has proved such negligence on the part of the defendant by a preponderance of all the evidence in the case, you should find the defendant not guilty.

"17.   The jury are instructed that the burden is upon the plaintiff to prove her case under the declaration filed herein by a preponderance of all the evidence in the case; and if she has failed to prove that she was injured by the negligence of the defendant as charged in the declaration, and that she was in the exercise of ordinary care for her own safety by a preponderance or weight of the evidence, or if the jury, after summing up the evidence cannot tell from the evidence whether the plaintiff was injured through the negligence of the defendant, her own negligence, or from some other cause, then the jury should find for the defendant."

The objection urged to these instructions is, that in each is stated the doctrine that the burden of proving negligence is on the plaintiff, and that by such repetition undue prominence is given to that doctrine.   This objection cannot be sustained.

The judgment of the Superior Court will be affirmed.

*Affirmed.*