**Martha Kleczewski, Appellee, v. Chicago City Railway Company, Appellant.**

### Gen. No. 14,929.

1. NEGLIGENCE—*failure to control car.* Held, under the evidence, that it was negligence not to so control a colliding car that it could be stopped before it struck another car which was standing upon the track.

2. VERDICTS—*when not excessive.* Held, that a verdict for $1,800 in an action on the case for personal injuries was not excessive where permanent injuries of a severe character were sustained.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. JULIAN W. MACK, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed February 10, 1910.

B. F. RICHOLSON and WATSON J. FERRY, for appellant. VOL. CLII 31

George E. Gorman, for appellee.

Mr. Presiding Justice Holdom delivered the opinion of the court.

Plaintiff recovered a judgment upon the verdict of a jury for $1,800 against defendant in an action for personal injuries. Defendant brings the record to us for review and urges as the sole reason for reversal that the verdict and judgment are manifestly contrary to the preponderating force of the evidence.

At the time of the accident in which plaintiff was injured the relation of passenger and carrier existed between her and defendant. Defendant operated a street railway by means of electricity along Clark street, Chicago. Upon a car so running and propelled plaintiff, in the early evening of August 6, 1904, was a passenger. She took this means of transportation from her place of work at the "Fair," a department store in the down town shopping district of Chicago, to her home in the south side of Chicago. The car was what is known as an open or summer car. Plaintiff was seated with her face to the north, being in the opposite direction from which the car was running. When the car was in the vicinity of the east and west street crossing Clark street known as Fifteenth street, it came to a standstill owing to the blowing out of a "fuse," whereupon the motorman of the car proceeded, while the car was stationary, to insert another fuse in the fuse box to take the place of the one "blown out," when another car similarly propelled and owned and operated by the defendant company, traveling upon the same track and proceeding south, struck with some force the rear of the car in which plaintiff was sitting, the impact thus occurring causing plaintiff to be thrown out of her seat and to fall out of the car upon the ground. This fall plaintiff claims resulted in breaking her nose, cutting her forehead and bruising and injuring her on the left side of the chest. She was first attended by Dr. Whittaker, who acted for defendant, and was put into a carriage

and driven to her home, where she was put to bed and there remained under medical treatment, more or less, for a period of six weeks, and was confined to her home as a result of her injuries for about six months; that she developed a cough within a week of the accident; that pleurisy attacked her on her left side, to relieve which she underwent a surgical operation and much fluid was extracted from her side; that her left lung became affected and she suffered from nervous shock. Some of these injuries, it is insisted, will remain permanent, and that all of them resulted from the accident, which is attributable to the negligence of defendant. The injuries thus suffered are in the main proven by the evidence of plaintiff's medical attendant, her family and visiting friends. On the other hand, the medical witnesses of defendant measurably minimized by their testimony both the extent and effect of these claimed injuries.

That the car proceeding south struck the car, in which plaintiff sat as a passenger, in the rear, is admitted by all the eye witnesses of the accident who testified either for plaintiff or defendant. As to the force of the impact and the rate of speed of the colliding car there is contrariety in the evidence, but this we regard as of little moment in light of the fact that the collision admittedly occurred. From the testimony of defendant's witnesses we gather that it was of sufficient force to damage seriously those parts of each car which came together. Defendant's witness, police officer Zobus, testified on direct that "after the cars came together they remained together until the wreck wagon came and jacked our car up and pulled it ahead." "Our car" was the car on which plaintiff was riding at the time of the collision. Whatever may be contended as to the blowing out of the fuse being a fault not imputable to the company and therefore not to be ascribed to its negligence, still such was not the primal cause of the accident. The failure to take proper precaution by way of signalling approaching

cars while the arrested car remained stationary, so as to avoid the danger of a collision, may be regarded as an act of negligence on the part of defendant which brought about the collision. Furthermore, we think it was negligence in defendant in not so controlling the colliding car that it could be stopped before it struck the car standing upon the same track on which it was moving. If the place where the collision occurred was fraught with danger, defendant is chargeable with knowledge of such danger and held to the exercise of care proportioned to such known dangers. We cannot escape from the conclusion, all the evidence considered, that the collision is attributable to the negligent operation by defendant of the colliding car. There is no pretense that plaintiff was not in the exercise of due care for her own safety at the time of the collision in which she was injured. Neither is it contended that there was anything within her power which she could have availed of to avert or minimize the effect of the occurrence or prevent the happening of the collision. In these and like circumstances it has been held that ''where an injury occurs to a person who is a passenger, in the exercise of ordinary care, upon the car of a common carrier, by some defect in the machinery wholly under the control of the carrier, a *prima facie* case of negligence on the part of the carrier is established, and the burden of proof is upon it to show that the accident was without its fault.'' Union Traction Co. v. Newmiller, 215 Ill. 383. In that case the accident happened to a passenger through a stampede of her fellow passengers, panic stricken at the electric flashes, explosions and sputterings resulting from the blowing out of a fuse; and the court said: ''It is clear that the explosion and flames caused a panic among the passengers, which resulted in the injury. All these facts are clearly proven by the evidence. As to the explosion being the result of negligence of appellant, while, as a general rule, negligence is not to be presumed, there are well understood cases

where the circumstances of the accident afford sufficient *prima facie* evidence of negligence. We think the case at bar falls fairly within the maxim, *res ipsa loquitur.''* As contradistinguished from case *supra* there is not only the blowing out of the fuse which resulted in the stopping of the car, but by the car following running into the standing car we have an additional act of negligence imputable to defendant from the fact that it did not have the car under sufficient control to avoid the collision, or that it so negligently operated the car that the collision resulted.

As to the amount of the verdict being excessive, we see no evidence sustaining such contention. That plaintiff was so much injured that she had to be conveyed to her home in a carriage is admitted by the fact that defendant, after an examination of plaintiff by its own surgeon, so conveyed her. According to plaintiff's testimony and that of her medical and lay witnesses she was very severely injured, some of such injuries being of a permanent character. Defendant's witnesses gave evidence tending to show that the injuries of plaintiff were very much less severe than claimed by her, and in fact somewhat trivial and of little moment. The fact of injury being established, it became the burden of the jury to reconcile the conflict as to their extent and to award such an amount as damages as they believed from the evidence sufficient to compensate for the injuries which resulted from the negligence of defendant. With their finding we have neither the right nor the disposition (after a review of all the evidence on this subject) to interfere.

Being of the opinion that the reasons argued for reversal find no support in the record, the judgment of the Circuit Court is affirmed.

*Affirmed.*