**Mary A. Healy, Appellee, v. Chicago City Railway Company, Appellant.**

### Gen. No. 15,392.

EVIDENCE—*when admission of agent binding. Held,* that conversations between a motorman and a supervisor of the company in which the supervisor made remarks tending to show that the car in question which caused the injury was out of repair, were competent, but not as part of the *res gestae.*

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. BEN M. SMITH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Affirmed on *remittitur.* Opinion filed March 3, 1911. *Remittitur* filed March 6, 1911.

JOHN E. KEHOE and WATSON J. FERRY, for appellant.

EDWARD MAHER and H. E. WYNEKOOP, for appellee; MORSE IVES, of counsel.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

This action is prosecuted by Mary A. Healy, appellee, against the Chicago City Railway Company, appellant, to recover damages claimed to have been sustained by the appellee at or near the intersection of Archer avenue and Twenty-second street, in the city of Chicago, on the 13th day of August, 1907, while she was a passenger on one of the appellant's street cars.

The car involved in the occurrence was what was known as a Wallace and Center avenue car. These cars, in going south, start from the down-town district of the city of Chicago, and run in State street to Nineteenth, and thence southwesterly in Archer avenue.

It appears that appellee, a clerk in the employ of the Craig Mercantile Agency, boarded the car at Washington and State streets, at the close of her day's work, to go to her home in East Twenty-seventh street. It was a small, open summer car, the seats extending from side to side, there being no aisle in the center, and with a partition at either end, partly wood and partly glass; and on the platform sides, and immediately behind the motorman's post, was a seat facing the latter; behind the partition was a seat facing the rear. Appellee was seated in the latter seat. It further appears from the evidence that when the car reached Sixteenth street a fuse blew out, which detained it for a short time, and then it was pushed by another car to Nineteenth street, at which point an employe, designated as a "supervisor," was stationed; that after he, the conductor and the motorman had opened and examined the fuse box and replaced the burnt-out fuse

with another, the car ran slowly, five or six blocks, to Twenty-second street, and that there the second fuse blew out, and as a result smoke and flame were seen, as some of the witnesses testified, coming from the motor box, while others were just as positive that it came from the canopy switch box, located at the under side of the roof of the car, immediately over the motorman's head, and that thereupon many of the passengers in a panic started to leave the car; but whether appellee was pushed or stepped off does not appear. In being pushed off, or while leaving the car she suffered the injuries for which damages are sought in this case.

No question is made as to the sufficiency of the averments of the declaration to sustain the action, or as to the admissibility of the evidence thereunder. Hence, we do not set out the averments of the declaration, except to say that the defendant is charged in the declaration with carelessness and negligence, whereby a large amount of flame and smoke in the car were occasioned, and that the flame and smoke produced a panic among the passengers, by reason of which the passengers made a rush to depart from the car, and that the defendant carelessly and negligently suffered and permitted the said car to be in disrepair and a fuse to explode in the car, causing the smoke and flame and noise.

The grounds relied upon for reversing the judgment in this court are, first, that the evidence is insufficient to sustain the verdict; second, that errors were committed in the admission of improper, and the rejection of proper, evidence; and, third, that the amount of damages awarded is grossly excessive.

Upon a careful consideration of the evidence in the case, we are of the opinion that the evidence sustains the verdict and judgment except as to the amount thereof. Chicago U. T. Co. v. Newmiller, 215 Ill. 383.

It is urged that in the examination in chief of ap-

pellee's witness, Miss Kennedy, she was allowed to testify to a conversation which she overheard between the supervisor of appellant and the motorman of the car at Nineteenth and State streets. She testified that "the supervisor got on, and he said to the motorman, I understood him to say, 'try the second'—what he said that I heard was, 'try the second motor, Pete, and go slow.' That is all I heard him say. It was the supervisor that said that."

And the same objection is made to the examination of appellee's witness, O'Grady, who testified that at the same place there was something said by the supervisor to the motorman, and that the supervisor told the motorman to run slow, that the car was out of order. "He told the motorman to put on the second motor and run the car slow. The motorman said the car was 'done for.'"

Miss Walsh, another of appellee's witnesses, was allowed to testify to what she overheard between the same employes of appellant, to substantially the same effect.

It is urged that this testimony was not admissible, because it was not a part of the *res gestae*. We do not think it was a part of the *res gestae*, but we think it was competent upon the question of negligence, charged in the declaration, as tending to show that appellant had permitted and allowed the car to be in disrepair and out of order, and that appellant knew that the car was out of order at Sixteenth and State streets, some little time before the accident in question occurred.

Upon the question of the amount of damages awarded by the jury, after a careful consideration of the evidence in the case we are of the opinion that the damages awarded are excessive. In our opinion the damages for the injuries sustained, attributable alone to the injuries suffered by appellee from this accident, should not exceed in amount the sum of $1,500. If, therefore, appellee shall remit the sum of $500 within

ten days, the judgment will be affirmed for $1,500 with costs. Otherwise, the judgment will be reversed and the cause remanded for a new trial.

*Affirmed on remittitur.*

*Remittitur* filed and judgment affirmed March 16, 1911.