## J. L. Sheets, Appellee, v. Star Cleaners & Dyers, Inc., et al., Appellants.

### Gen. No. 29,850.

1. BAILMENTS—*prima facie case of negligence from failure to return.* Owner of suit left with dry-cleaner held to make out a prima facie case of negligence by showing failure of defendant to return suit on demand.

2. NEGLIGENCE—*presumption arising from extraordinary accident.* Where accident resulting in injury was one that did not ordinarily occur, proof of injury occurring as proximate result of an act which under ordinary circumstances would not if done with due care have injured any person or property, is enough to make out a presumption of negligence.

3. BAILMENTS—*exploding of dry-cleaning machine prima facie evidence of negligence.* The mere blowing up of a machine in a dry-cleaning establishment, resulting in loss of plaintiff's suit, was prima facie evidence of negligence of the dry-cleaner, *res ipsa loquitur* applying.

Appeal by defendants from the Municipal Court of Chicago; the Hon. ASA G. ADAMS, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1924. Affirmed. Opinion filed October 28, 1925.

WILLIAM LEVINE, for appellants.

LEO J. HASSENAUER, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought suit against the defendants to recover the value of a suit of clothes which he had

delivered to them for cleaning and which they failed to return. The claim of plaintiff is based on the charge that defendants were negligent in the cleaning of the suit. The defendant, the Star Cleaners & Dyers, filed an affidavit of merits in which it denied that it was guilty of the negligence charged. The case was tried before the court without a jury and there was a finding and judgment in plaintiff's favor against both defendants for $40, being the value of the suit of clothes as found by the court. The evidence shows that plaintiff took a suit of clothes and delivered it to the defendant, Proudian, for the purpose of having it cleaned and pressed; that Proudian delivered it to the defendant, the Star Cleaners & Dyers, for the purpose of having it cleaned. The suit was not returned by the Star Cleaners & Dyers, because while it was being cleaned, the machine in which it was placed, in the cleaning operation, exploded and destroyed the suit.

When plaintiff showed by evidence that he had delivered the suit for the purpose of having it cleaned and that it had not been returned, he made out a prima facie case of negligence. The defendant, the Star Cleaners & Dyers, undertook to overcome this presumption of negligence by calling its manager, who testified that the suit had been delivered to it for cleaning and was placed with other garments in a cleaning machine, which was operated by his company. He further testified that as he was standing near the machine in the benzine room there was an explosion; that the machine blew up and all the garments that were in the machine were burned; that he did not know what caused the explosion; that the machine was the same kind of machine that was used by other cleaning establishments in Chicago, and that the Star Cleaners & Dyers used the same cleaning process as that used by others engaged in the same business and that the machine was made by a certain machinery company.

The defendants contend that the trial judge held that they were insurers. We have carefully examined the record and find nothing that would warrant this contention. The charge made against the defendants was based on the ground of negligence. We think it clear under the law that the evidence offered on behalf of the defendants showed that the Star Cleaners & Dyers was guilty of negligence as a matter of fact. The testimony of the manager of the defendant, Star Cleaners & Dyers, is that the machine, which was used at the time in question and the manner of its operation were those in use by all others engaged in similar work in Chicago. This being undisputed, it is self-evident that such accidents did not ordinarily occur and the rule of law in this State in such cases that proof of an injury to person or property occurring as the proximate result of an act, which under ordinary circumstances would not, if done with due care, have injured any person or property, is enough to make out a presumption of negligence. And this is held to be the rule, even where no special relationship like that of passenger and carrier exists. *North Chicago St. Ry. Co. v. Cotton,* 140 Ill. 486; *Larson v. Central Ry. Co.,* 56 Ill. App. 263. The furnishing of the machine in question and the operation of it were under the management and control of the defendant, the Star Cleaners & Dyers. In the ordinary course of things, it is apparent that such machine does not explode and destroy the clothing. The rule *res ipsa loquitur,* therefore, applies and the accident itself, was prima facie evidence of the Star Cleaners & Dyers' negligence. *New York Cent. & St. L. R. Co. v. Blumenthal,* 160 Ill. 40; see also *Kaumanns v. Northwestern El. R. Co.,* 236 Ill. App. 637; *Chicago Union Traction Co. v. Newmiller,* 215 Ill. 383; *Alexander v. Nanticoke Light Co.,* 209 Pa. St. 571; *Alton Railway & Illuminating Co. v. Foulds,* 81 Ill. App. 322.

The cases cited by the defendants, holding that where the bailee shows the property bailed to have

been destroyed by fire releases the bailee from responsibility, are not in point, because in those cases the forces causing the destruction of the property by fire were not within the control of the bailee, while in the instant case the machine in question was under the management and control of the bailee. What we have said assumes the machine in which the clothing was being cleaned was of the highest and most approved type, and that it was being operated properly, so that the defendant, the Star Cleaners & Dyers, is liable under the law, assuming the facts to be as contended by its counsel. But such assumption of facts is not borne out by the record, because there is no evidence that the machine had been inspected prior to the time in question or any other evidence to show that it was being properly operated. Nor does the evidence show that the machine was of the most approved type, so that neither under the law nor the facts can the defendant, the Star Cleaners & Dyers, escape liability.

The judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

THOMSON, P. J., and TAYLOR, J., concur.