## PATTERSON ET AL. *v.* LORD.

PRACTICE.—*Striking out Answer.—Record.*—The fact that the clerk has copied into a transcript a paragraph of answer that was struck out by the court, does not make it a part of the record on appeal; it can only be made a part of the record by a bill of exceptions.

SAME.—*Amended Pleading.*—An amended answer supersedes the original, and the latter ceases to be a part of the record.

PLEADING.—*Promissory Note.—Consideration.*—To an action by A. against B. on a promissory note, the defendant answered, that the note was given for a mortgage on a steam saw-mill, executed by one H., who then had a suit pending against B., and that A., to induce B. to execute the note, represented to him that the mortgage was valid, and could be used by him as a set-off in said pending suit; upon which representations, believing them to be true, etc., B. purchased the mortgage, and gave therefor the note, etc.; but that the mortgage was not a valid mortgage, and B. could not use it as a set-off in said action of H.

*Held,* that the answer was bad, if for no other reason, because it failed to state why the mortgage was invalid, or why B. could not use it as a set-off.

DEMURRER.—*Practice.*—It is not error to sustain a demurrer to a paragraph of answer, when the same defence is pleaded in another paragraph which remains in the record.

DEPOSITION.—*Suppression of.*—The suppression of a deposition can only be urged as a ground for a new trial, and is not available as an assignment of error.

From the Tipton Common Pleas.

*J. Green, H. A. Brouse,* and *J. M. Robinson,* for appellants.

DOWNEY, J.—Suit by the appellee as the payee, against the appellants as the makers of a promissory note. Answer in seven affirmative paragraphs.

On motion of the plaintiff, the second and fifth paragraphs of the answer were stricken out.

Demurrers filed by the plaintiff were sustained to the third and seventh paragraphs.

Reply to the first, fourth, and sixth paragraphs.

A jury trial ended in a verdict for the plaintiff. A new trial was granted on motion of the defendants. A change of venue was then ordered from Howard, where the action was commenced, to Tipton county.

A second trial by jury was had, with the same result as before. A motion for another new trial was overruled, and final judgment rendered for the plaintiff.

The first alleged error is the striking out of the second and fifth paragraphs of the answer. These paragraphs are copied into the transcript by the clerk, but they are not in the record by a bill of exceptions, and consequently are improperly there, and, for any legal purpose, might as well not be there at all. This point of practice has been ruled so frequently, that we need not delay to cite authorities.

The next error assigned is the sustaining of the demurrers to the third and seventh paragraphs of the answer. The third paragraph of the answer, as it was last amended and filed, and to which the demurrer was sustained, is not in the record, and therefore, as to it, nothing can be decided. The amended answer superseded its predecessor, and therefore, as to it, nothing can be determined.

Patterson *et al. v.* Lord.

The seventh paragraph is as follows : "And for further answer the defendants say, that the note in the complaint mentioned was given by the defendants to the plaintiff, in consideration that the defendants could use a mortgage which the plaintiff then held against one Horine, on a steam saw-mill then owned by the defendants, in, etc., as a set-off against a promissory note executed by the defendants to said Horine, and by him assigned to one Johnson, upon the trial in an action upon said note by Johnson as assignee of said Horine against the defendants, in the Grant Circuit Court; that the plaintiff, to induce the defendants to execute said note in complaint mentioned, and to induce them to defend against their said note to Johnson, and to incur all liability of cost and expense attending a lawsuit on his said mortgage against Johnson, to wit, court costs, witness' fees, attorneys' fees, and their own expenses and loss of time in the defence of said trial in said circuit court, represented to the defendants that his said mortgage against Horine on said mill, etc., was a valid mortgage, and a good and valid lien against said Horine on said mill, etc., against the defendants and the said Johnson as assignee of said Horine, for the amount thereof, to wit, three hundred and fifty dollars, and that the defendants could use the same as a valid set-off against their said note held by Johnson as assignee of said Horine, for three hundred and fifty dollars, upon the trial of said cause in said Grant Circuit Court; that the defendants were wholly unacquainted with the facts and circumstances under which said mortgage was executed, and surrounding the same since its execution up to that time; and they did not know whether it was a valid mortgage and lien on said mill, etc., as against them and the said Johnson, or either of them, and they did not know whether the same could be used by them as a set-off against the said note held by said Johnson upon the trial of said cause in the said Grant Circuit Court; that they relied exclusively and implicitly upon the plaintiff's representations ; that they made the defence in said cause in the Grant Circuit Court, a copy

of the record of which cause is filed herewith and made part of this answer. They aver that the said mortgage was not a valid mortgage and lien against the defendants and said Johnson on said mill, etc., and that the same was not a valid set-off against said note of them, said defendants, so held by said Johnson, and could not be, and was not, used by them as such upon the trial of said cause in said Grant Circuit Court; that by reason of the said false representations of the plaintiff, they were induced to and did incur large expenses in court costs, attorneys' fees, travelling expenses, and the loss of time going to and returning from, and while attending said court upon said trial, to wit, the sum of three hundred dollars, etc., which they would not otherwise have made; wherefore," etc.

As we understand this paragraph, the defendants had executed their promissory note to Horine, he had assigned it to Johnson, and Johnson had a suit pending on the note against the defendants in the Grant Circuit Court. Lord, the plaintiff, held a mortgage on the mill owned by the defendants, executed by Horine, who, we presume, had been a previous owner of the mill. For the privilege and with the prospect of using the mortgage held by Lord, as a means of defending themselves in the suit of Johnson, the defendants executed the note to Lord, on which this action was brought. It is not alleged that the mortgage was given to secure any note or other obligation; that it had been recorded; that it was assigned by the plaintiff to the defendants, or was to be assigned to them; nor is it stated why it was not a valid mortgage and lien, or for what reason it could not be used by the defendants in the action of Johnson against them. It may be that the reason why it could not be used was because it had not been legally transferred to them. If they were credulous enough to suppose from the representations of Lord, that they could use the mortgage under such circumstances as a set-off in their favor in the suit of Johnson, they cannot successfully insist that this was a fraud which can avail them as a defence to the note given by them. It

Patterson *et al. v.* Lord.

may have been, that the reason why they could not and did not succeed in the use of the mortgage was on account of their own negligence, or want of diligence and skill in their efforts to use it.

Without stating more particularly the facts with reference to the mortgage, and more particularly the reason or reasons why it was not valid, and why it was not and could not be used for the purpose for which they sought to use it, the paragraph of the answer must be held bad. If the paragraph could be regarded as alleging simply a want of consideration for the note on which the action is brought, it is sufficient to say, that the first paragraph of the answer alleged a want of consideration, and, therefore, in that view, there could have been no error in sustaining the demurrer to this paragraph.

The third alleged error, which relates to the suppression of parts of the depositions of the defendants, could only be urged as a reason or ground for a new trial, and is not available as an assignment of error. *The Jeffersonville, etc., R. R. Co.* v. *Riley,* 39 Ind. 568.

The next error averred is the overruling of the motion of the defendants for a new trial. The first ground for a new trial was, that the verdict of the jury was not sustained by sufficient evidence, and was contrary to law. The evidence is not properly in the record, and consequently we cannot determine this question. We do not discover any particular in which the verdict is contrary to law.

The second cause alleged for a new trial was, that the damages were excessive. Nothing is urged here on this ground.

The third ground for a new trial was the giving by the court of the first, second, third, fourth, sixth, and seventh instructions. If these instructions can be regarded as being properly in the record, which we think they cannot be, still, as the evidence is not in the record, we cannot say that there was any error in giving them.

The last error assigned is the insufficiency of the complaint, but this is not insisted upon in argument.

The judgment is affirmed, with five per cent. damages. and costs.