No. 9712.

## DAUNHAUER ET AL. *v.* HILTON ET AL.

ASSIGNMENT OF ERRORS.—*Supreme Court.*—An assignment of error must specify why the court ought not to have rendered the judgment complained of. To say " it ought not to have done it," presents no question.

SAME.—*New Trial.—Deposition.*—Causes for a new trial are not proper specifications of error, and, therefore, the overruling of a motion to suppress a deposition can not be brought to the consideration of the Supreme Court by an assignment thereof as error.

From the Perry Circuit Court.

*C. H. Mason,* for appellants.

*S. K. Connor* and *G. T. Porter,* for appellees.

BLACK, C.—The appellants, defendants in the court below, have assigned errors as follows:

" 1. That the circuit court rendered a judgment in favor of the plaintiffs when it ought not to have done it.

" 2. That the circuit court refused to suppress the depositions of plaintiffs, when it ought to have done it.

" 3. There was no notice given to take said depositions, and they contain irrelevant matter and leading questions.

" 4. Judgment is rendered against all the defendants, when it is certain that defendant Washer was only agent for the other defendants.

" For which, and for other errors, the appellants pray that said judgment be reversed."

The first assignment is not sufficiently specific to present any question. *Ruffing* v. *Tilton,* 12 Ind. 259; *Gallettley* v. *Barrackman,* 12 Ind. 379; *Truitt* v. *Truitt,* 38 Ind. 16; *Hamrick* v. *Danville, etc., Co.,* 41 Ind. 170.

The action of the court, to which it is sought to direct attention by the second assignment, should have been made a cause in a motion for a new trial, and the matters stated in the third assignment should have been presented to the court below as grounds for the suppression of the depositions or for striking out parts thereof.

The overruling of a motion to suppress a deposition, or a reason for the suppression of a deposition or portions thereof, can not be brought to the consideration of this court by an assignment thereof as error. *Jeffersonville, etc., R. R. Co.* v. *Riley*, 39 Ind. 568; *Mercer* v. *Patterson*, 41 Ind. 440; *Patterson* v. *Lord*, 47 Ind. 203.

As to the fourth assignment, if the defendant Washer was an agent of the other defendants, and if that fact constituted a reason why judgment should not have been recovered against any defendant against whom judgment was rendered, such an objection to the judgment could not be first raised by an assignment of error. By a careful examination of the record, it would have been discovered by counsel that no judgment was rendered against defendant Washer.

The suggestion that there were " other errors," not specified, is wholly useless. The judgment should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, at the costs of the appellants.