LYNCH v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. November 10, 1904.)

1. STREET RAILWAYS—INJURIES TO PASSENGERS—RES IPSA LOQUITUR—APPLICABILITY—BURDEN OF PROOF.

Where, in an action for injuries to a passenger on an electric street car, plaintiff showed that a series of explosions, which seemed to come from under the car, caused a panic among the passengers, who, in their endeavor to leave the car quickly, pushed plaintiff off, and defendant's evidence tended to show that the explosions did not occur through its negligence, it was error to refuse to charge that the burden of proving negligence was on plaintiff, notwithstanding the explanations of the explosions given by defendant, though it be assumed that at the close of plaintiff's case the doctrine of res ipsa loquitur applied.

Appeal from City Court of New York.

Action by Michael Lynch against the Metropolitan Street Railway Company. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

See 84 N. Y. Supp. 495.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Bayard H. Ames and F. Angelo Gaynor, for appellant.
Louis Steckler, for respondent.

FREEDMAN, P. J. The action was brought to recover damages for personal injuries sustained by the plaintiff through the alleged negligence of the defendant. Plaintiff was a passenger upon one of defendant's cars operated by electric or underground trolley power. A series of explosions occurred, which seemed to come from under the car, and then a loud explosion took place, which caused a panic among the numerous passengers on the car. In their endeavor to leave it quickly, the plaintiff was pushed from off the car, and severely injured by a fall. The defendant, by competent evidence, explained how the explosions occurred, and such evidence was so circumstantial and of such a character as to entitle the defendant to argue before the jury that there was no negligence on its part. In submitting the case to the jury, the court charged that the burden of proof was upon the defendant to show freedom from liability, and refused to charge that the burden of proof was upon the plaintiff to establish defendant's negli-

gence. These rulings were duly excepted to, and they cannot be sustained. In Cosulich v. Standard Oil Co., 122 N. Y. 118, 25 N. E. 259, 19 Am. St. Rep. 475, the Court of Appeals held that an explosion, of itself, raises no presumption of negligence. But even if it be assumed that in the case at bar at the close of plaintiff's case the doctrine of res ipsa loquitur applied, yet, inasmuch as the defendant gave evidence to the effect that the real cause of the occurrence of the explosion was not altogether unavoidable by the exercise of even high care, the burden still remained with the plaintiff to demonstrate that, notwithstanding the explanations of the defendant, there was actionable negligence in some particular. Upon this point the decision of Kay v. Metropolitan Street Ry. Co., 163 N. Y. 447, 57 N. E. 751, is conclusive.

A new trial being unavoidable, it is not necessary to discuss the other questions involved in the present appeal.

The judgment and order must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.