## CLEVELAND, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY v. SCHNEIDER.

[No. 6,118. Filed November 20, 1907.]

1. PLEADING.—Complaint.—Railroads.—Street Crossings.—A complaint alleging that plaintiff relied upon an electric bell, maintained by defendant railroad company at a certain street crossing, to give him warning; that such bell was out of repair and failed to ring; that he looked and listened for an approaching train, but could not see nor hear any, and that he proceeded carefully and without negligence, but was struck by defendant's train and injured, is sufficient. Cleveland, etc., R. Co. v. Schneider, ante, 38, followed. p. 525.

2. TRIAL.—Interrogatories.—Verdict.—Conflict.—The answers to the interrogatories to the jury do not control the general verdict, unless they are in irreconcilable conflict therewith. p. 526.

3. SAME.—Instructions.—Duplication.—It is not error to refuse to duplicate instructions. pp. 526, 527.

4. SAME.—Instructions.—Railroads.—Street Crossings.—Choice of Ways.—An instruction that plaintiff, knowing the dangerous character of the crossing on which he was injured, and knowing of a safer crossing a short distance away, was not bound to relinquish

his right to travel upon the dangerous one, but that the jury should determine whether he used ordinary care under the circumstances, is not erroneous, when considered with other correct and applicable instructions. p. 526.

5. TRIAL.—*Instructions.—Evidence.—Positive.—Negative. —Weight.* —An instruction that positive statements of a witness are entitled to more weight than the negative statements of another, is properly refused. p. 527.

6. APPEAL.—*Weighing Evidence.*—The Appellate Court will not weigh conflicting oral evidence. p. 527.

From Ripley Circuit Court; *Willard New,* Judge.

Action by Anthony Schneider against the Cleveland, Cincinnati, Chicago & St. Louis Railway Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*L. J. Hackney, J. O. Cravens, T. S. Cravens* and *George M. Roberts,* for appellant.

*James H. Connelley* and *McMullen & McMullens,* for appellee.

COMSTOCK, C. J.—Action for damages for injuries alleged to have been sustained by plaintiff on a public highway at a crossing of said highway and the tracks of defendant company. Issues were formed on the third and fourth paragraphs of the complaint and answers thereto. A trial before a jury resulted in a verdict and judgment thereon, in favor of appellee for $600. With the verdict answers to eighty-five interrogatories were returned.

The errors assigned question the action of the court in overruling appellant's demurrer for want of facts to the third and fourth paragraphs of the complaint, in overruling appellant's motion for judgment on the answers to interrogatories, notwithstanding the general verdict, and in overruling appellant's motion for a new trial.

The record discloses that on February 28, 1905, the plaintiff was driving two horses hitched to a spring wagon in which he and his wife, Kate Schneider, were riding; that he was driving upon a public street in the town of Sunman, Ripley county, Indiana, approaching the

defendant's track, and that as he drove upon the track a train of defendant struck the plaintiff and his wife. In a separate action to recover for the injuries then and there sustained by appellee's wife she sued and recovered judgment against appellant, from which judgment an appeal was taken to this court by the appellant. The judgment of the lower court was affirmed. *Cleveland, etc., R. Co.* v. *Schneider* (1907), *ante,* 38. That cause was tried on the second paragraph of this complaint. The facts alleged in said second paragraph and in the third paragraph of the case at bar are based upon the same occurrence and are substantially the same. We need not set them out here. The fourth paragraph in the case before us seeks damages for the loss of plaintiff's personal property, the killing of his horses, and the destruction of his wagon.

The complaint in the former case was held good as against substantially the same objections that are urged to the present complaint, and upon the same reasoning we hold that the demurrer under consideration was properly overruled.

Between the answers to the eighty-five interrogatories propounded to the jury and the general verdict we find no irreconcilable conflict. Appellant's motion for judgment, notwithstanding the general verdict, was therefore correctly overruled.

Complaint is made of the refusal to give the third, seventh, eighth, and tenth instructions requested by appellant. Said third instruction advises the jury of the degree of care to be exercised by the appellee under the circumstances. It was practically covered by instructions nine and ten given.

Said instruction seven stated that if the jury found that the crossing in question was dangerous, that plaintiff was familiar with it, and that there was another safer crossing by which plaintiff could have crossed, and with which plaintiff was familiar, then, while the plaintiff was not bound to relinquish his right to use the

Main street crossing and to choose the safer crossing, it was the duty of the jury to determine whether, under all the circumstances, plaintiff used ordinary care and caution, such as a person of ordinary prudence would use under the circumstances, in using the more dangerous crossing. In view of other instructions given, appellant was not prejudiced by said action of the court. Said instruction eight is 5. to the effect that the jury should give greater weight to a positive statement of a witness than to a negative statement of another witness. It was correctly refused. *Ohio, etc., R. Co.* v. *Buck* (1892), 130 Ind. 300, 304.

Said instruction ten advised the jury as to the effect of signals given in time for appellee to avoid the injury, although not given within the limits defined by the 3. statute. The instruction might have been correctly given, but it certainly was not necessary for their information. For example, other instructions defined the duty of the appellee to use both his senses of sight and hearing to ascertain whether a train was approaching. The fact that there was an electric bell near the crossing would not relieve him from the duty of carefully looking and listening for any and all warnings of approaching trains.

Objections are made to other instructions, but they were passed upon in effect in *Cleveland, etc., R. Co.* v. *Schneider, supra,* and need not be further referred to here.

It is insisted that the evidence fails to show that appellant owned, operated, or controlled the engine or train that is alleged to have caused appellee's injury. There was 6. evidence fairly tending to sustain the verdict, including the fact which appellant now questions. We are not warranted in disturbing it.

Judgment affirmed.