Cincinnati, etc., R. Co. *v.* Acrea—42 Ind. App. 127.

## CINCINNATI, HAMILTON & DAYTON RAILWAY COMPANY ET AL. *v.* ACREA.

[No. 6,163. Filed December 20, 1907. Rehearing denied February 27, 1908. Transfer denied June 12, 1908.]

1. ·RAILROADS.—*Crossings.—Duty to Stop.—Criminal Law.*—It was a crime under §2293 Burns 1901, §2172 R. S. 1881, for an engineer to run his engine over a railroad crossing without stopping to see whether there was an approaching train upon the other track. p. 131.

2. SAME.—*Passengers.—Right to Occupy Waiting-Rooms at Station.* —A person intending to become a passenger has the right to occupy the waiting-room provided by the company whose train she intends to travel upon. p. 131.

3. PLEADING.—*Complaint.—Railroads.—Failure of Engineer to Stop at Railroad Crossings.*—A complaint alleging that defendant railroad company's engineer negligently failed to stop and listen for an approaching train before going upon the railroad crossing, to plaintiff's injury, is sufficient. p. 131.

4. RAILROADS. — *Crossings.* —*Collisions.* —*Passengers.* — *Fright.* — *Proximate Cause.*—Where one train ran into another train passing over a railroad crossing, knocking the engine of the train that was struck against the railway station, thereby frightening persons therein, who in trying to escape injured plaintiff, such collision is the proximate cause of such injury. p. 132.

5. NEGLIGENCE.—*Proximate Cause.*—The proximate cause of an injury is the decisive cause. p. 133.

6. RAILROADS.—*Crossings.—Failure of Engineer to Stop.—Passenger at Station near Crossing.—Contributory Negligence.*—An intending passenger occupying the women's waiting-room at a railroad station is not guilty of contributory negligence in trying to escape therefrom through a window, where a collision occurred near such station, one of the engines being knocked against such station causing great fright and a scramble by all persons in such room to escape. p. 133.

7. NEGLIGENCE.—*Anticipation of Injuries.*—It is not necessary in the commission of an act ordinarily lawful that the particular injury be foreseen, or, in case of an unlawful act, that any injury be anticipated. p. 133.

8. TRIAL. — *Verdict.—Interrogatories.—Railroads.—Collisions.—Injuries to Passengers.*—Answers to interrogatories showing that plaintiff received injuries in trying to escape from a station which was struck by defendant railroad company's engine when it col-

lided with another engine on the railroad crossing near by, are not in irreconcilable conflict with a general verdict for plaintiff. p. 134.

9. TRIAL.—*Instructions.—Concurrent Negligence.—Railroads.*—An instruction, in an action for damages against two railroad companies, that if the negligence of one company proximately contributed to the negligence of the other in producing the injury complained of, there should be a verdict against both, correctly states the law of concurrent negligence. p. 134.

10. SAME.—*Instructions.—Applicability to Evidence.—Interrogatories.*—Instructions should be applicable to the evidence, and an instruction shown by the evidence and the answers to the interrogatories to be in accord with the established facts of the case is not erroneous, even though it limited the defense sought to be established. p. 134.

11. SAME.—*Instructions.—Railroad Crossings.—Duty of Engineer to Stop and Look.*—An instruction that it was the duty of defendant railroad company's engineer, before passing over the railroad crossing in question, to stop his train at such a point, before entering upon such crossing, that he could ascertain whether a train was approaching upon the other track, is proper. p. 135.

12. RAILROADS.—*Crossings.—Failure of Engineer to Stop —Negligence.—Contributory.—Questions for Jury.*—Where the evidence shows that defendant railroad companies' engineers failed to stop before entering upon a railroad crossing, by reason of which one engine was knocked against the station, so frightening the persons waiting therein that the plaintiff was shoved out of a window, sustaining injuries, the questions of negligence and contributory negligence are for the jury. p. 135.

From Marion Circuit Court (14,357); *W. W. Thornton,* Judge *pro tem.*

Action by Katherine D. Acrea against the Cincinnati, Hamilton & Dayton Railway Company and the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company. From a judgment on a verdict for plaintiff for $6,000, defendants appeal. (See 40 Ind. App. 150.) *Affirmed.*

*S. O. Pickens, R. F. Davidson, Owen Pickens* and *Elam & Fesler,* for appellant Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company.

*Wymond J. Beckett,* for appellee.

COMSTOCK, J.—Appellee recovered judgment against appellants for damages for personal injuries sustained by her

at the passenger station of the appellant Cincinnati, Hamilton & Dayton Railway Company at Rushville, Indiana, at the time of a collision between a train of that company and a train of the appellant Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company.

The complaint is in one paragraph, and alleges that the defendants were on August 14 duly organized corporations and doing business as common carriers for hire; that the city of Rushville is a station upon the lines of said defendants; that said roads within the city of Rushville intersect each other nearly at right angles; that there is no interlocking switch at said crossing; that a few feet east of the point of intersection, said Cincinnati, Hamilton & Dayton Railway Company has its station building erected, which it maintains and uses for the accommodation of its passengers and their baggage; that said building has waiting-rooms provided for passengers awaiting the arrival of trains upon which they desire to take passage for points east and west of said city of Rushville; that plaintiff took her baggage to said depot on said August 15, 1905, and intended to take passage upon the Cincinnati, Hamilton & Dayton Railway Company's train; that she was in the waiting-room of said company, provided for its passengers, as aforesaid, waiting for the arrival of said company's train, upon which she desired to take passage; that while waiting in said waiting-room of said station, said Cincinnati, Hamilton & Dayton Railway Company negligently ran one of its locomotives toward said crossing at a high and dangerous rate of speed, to wit, forty-five miles an hour, without first stopping and ascertaining whether a train was approaching or about to pass over said crossing on defendant Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company's track, and ran against said defendant's locomotive, and shoved and carried the same over and against said building and crushed the same; that at said time many pas-

sengers were in said waiting-room with plaintiff; that when she discovered that said engine, as aforesaid, had come against said depot, and was about to destroy the same, she attempted to get out of said waiting-room; that she believed that she was about to be killed, and in her efforts to get out of said room and building she was crushed, bruised and hurt by the other persons in their efforts to leave said building at the same time, all to her great damage, etc.

And plaintiff says that the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company was guilty of negligence which was the proximate cause of her injuries as aforesaid, in this, to wit: (charging the circumstances of the collision and the acts of negligence, with the resulting injuries to appellee, as alleged, against the Cincinnati, Hamilton & Dayton Railway Company, except as to the rate of speed of the engine and the time and direction of the roads and moving engines).

The cause was put at issue by general denial. The trial was by jury, and a general verdict returned against both defendants in favor of plaintiff. With the general verdict answers were returned to interrogatories. The appeal of the Cincinnati, Hamilton & Dayton Railway Company was, upon motion of plaintiff, dismissed. *Cincinnati, etc., R. Co.* v. *Acrea* (1907), 40 Ind. App. 150.

The assignment of errors questions the action of the court in overruling appellant Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company's demurrer to the complaint, in overruling its motion for judgment on the answers to interrogatories, and in overruling its motion for a new trial.

Against the complaint it is argued that there was no relation of any kind existing between appellee and appellant Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company imposing any duty upon it making it liable to appellee for negligence.

Section 2293 Burns 1901, §2172 R. S. 1881, made it an

offense, punishable by fine and imprisonment, for the engineer of any locomotive to run his locomotive across or upon the track of any railroad upon or over which passengers are or may be transported, until first coming to a full stop before crossing such other track and without first ascertaining that there is no other train or locomotive in sight approaching and about to pass over such other track. The observance of this statute is a duty of said appellant. Appellee was rightfully in the passenger station of the Cincinnati, Hamilton & Dayton Railway Company, a proper place for her to be under the facts alleged.

It is further insisted that the charge that the appellant Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company approached said crossing with its train without first stopping and listening or ascertaining whether an engine or a train was approaching said crossing from either direction upon said Cincinnati, Hamilton & Dayton Railway Company's track, does not charge negligence sufficient to be the basis of a cause of action; that to charge negligence in such a case it should contain an allegation that those in charge of the train, by the exercise of reasonable care, could have ascertained that another train was approaching.

"It is a general rule, both in this State and elsewhere, that in complaints or declarations for negligence it is competent, after showing the existence of said duty by appropriate allegations, to predicate negligence, charged in general terms, upon any act or omission whereby it is claimed that that duty was violated." *Baltimore, etc., R. Co.* v. *Slaughter* (1906), 167 Ind. 330, 7 L. R. A. (N. S.) 597.

It was the duty of appellant Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company to attempt to ascertain if a train was approaching before going upon the crossing. The substance of the complaint is, that said railway

company negligently failed, before going upon said cross-
ing, to stop and listen for an approaching train, and that
such negligence was the proximate cause of plaintiff's in-
juries.

It is argued that the special findings show that the proxi-
mate cause of the appellee's injury was the action of other
persons, not induced by any negligence of appel-
4.    lants, and which could not reasonably have been an-
ticipated.   In support of this position, it is pointed
out that the answers to interrogatories show that appellee
was not injured by the collision; that the waiting-room of
the station in which she was sitting was not damaged to any
serious extent; that after all the damage had been done to
the station appellee was still unharmed; that she was not
injured at all until she fell from a window to the platform
outside.    Upon these findings it is insisted that a reason-
able construction of the jury's answer can lead only to the
conclusion that this fall was caused by ''forcible contact''
with others whose conduct, in the light of the situation, as
disclosed by the special findings, must have been rash and
inconsiderate.

For the reasons that such other persons sustained no re-
lations with appellants, were not under their control, nor
were their actions induced by any negligence of the appel-
lants, nor could they have been reasonably anticipated by
those in charge of appellants' trains, it is contended that
the intervening cause must be held to be the proximate
cause of appellee's injury.

Stated more particularly, the jury found specially that
appellee at the time of the collision was in the women's
waiting-room at the passenger station of the Cincinnati,
Hamilton & Dayton Railway Company, waiting to take
passage on one of said company's trains.

The following interrogatories were propounded and an-
swered:  '' (32) Was the serious injury, of which plaintiff

now complains, due wholly to her falling upon the platform or pavement outside of the window while getting out through it hastily? A. We are convinced that the seriousness of her injury is entirely due to the fall. (33) Did any person throw her upon the pavement? A. Contact with others caused her to fall. (34) If so, what person? A. Unknown to us.''

And they found that she was so injured because of a collision, as charged in the complaint.

In determining proximate cause, the inquiry is directed to the responsible cause, without reference to whether it is the first or last in the succession of events that resulted in the plaintiff's injury. *Lake Erie, etc., R. Co.* v. *Charman* (1903), 161 Ind. 95.

Proximate cause has been further defined to be the efficient cause, one that necessarily sets the other causes in operation. *Pennsylvania Co.* v. *Congdon* (1893), 134 Ind. 226, 230, 39 Am. St. 251.

The injuries received were caused while appellee was attempting to escape from the building. There were others in the room, but all except appellee escaped without serious injury. She was manifestly moved by fear, caused by the collision and the consequent confusion and excitement. The collision was the dominant, reasonable cause of appellee's injury. It set the other causes in motion. The struggle between the frightened passengers to get out of the building, which immediately followed the collision, with the attending violence, of which appellee proved to be the victim, was only an incident, and not a responsible intervening agent.

Appellee's attempt to get away from apparent danger was not contributory negligence. It is not necessary that a particular injury be foreseen. 1 Sutherland, Damages (3d ed.), §§47, 48; Wharton, Negligence (2d ed.), §§16, 17, 21, 76. If the act be wrong, it is not

necessary that any injury be foreseen. *Selleck* v. *Lake Shore, etc., R. Co.* (1892), 93 Mich. 375, 53 N. W. 556, 18 L. R. A. 154, and cases cited; *Brown* v. *Chicago, etc., R. Co.* (1882), 54 Wis. 342, 11 N. W. 356, 41 Am. Rep. 41; *Ehrgott* v. *Mayor, etc.* (1884), 96 N. Y. 264, 48 Am. Rep. 622; 1 Shearman & Redfield, Negligence (5th ed.), §28.

Certainly serious consequences might reasonably have been anticipated from the negligent acts under the conditions set out in the complaint. There is no irreconcilable conflict between the answers to interrogatories and the general verdict, and the latter must therefore stand.

Appellant Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company complains of the giving of the second, third and fifth instructions to the jury. Said second instruction stated that if the jury found that said appellant was guilty of any negligence as alleged against it, which proximately contributed to the negligence of the other appellant, as alleged in the complaint, to produce the plaintiff's injury, if any, without her fault, then they should find that both appellants were liable.

Appellant Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company objects that said instruction improperly requires the highest degree of care, when there was no relation of passenger and carrier existing between appellee and said appellant. We understand the instruction to deal only with the subject of concurring negligence. It does not define negligence by the degree of negligence concurrent with the negligence of another defendant.

Said third instruction is objected to as withdrawing from the consideration of the jury appellants' defense of any intervening acts. For illustration, this case is put: "Suppose 'another source' were an enemy who deliberately threw the appellant to the pavement and inflicted the injury complained of." Such an instruction would undoubtedly be wrong under evidence which might

be supposed, but instructions must be considered with reference to the evidence of the case. All the evidence and the answers to interrogatories show that appellee was injured by being pushed or thrown by the excited passengers. The instruction could not have misled the jury. *Woolery v. Louisville, etc., R. Co.* (1886), 107 Ind. 381, 57 Am. Rep. 114.

Said instruction five stated that it is the statutory duty of any railroad company, where no interlocking works or fixtures are maintained, to come to a full stop before entering upon the crossing of another track, and first to ascertain that there is no other train, locomotive or car in sight approaching said crossing; that this duty is mandatory, and that the engineer must stop the engine at a point from which he can see the crossing of said railroad and from which point he can, by reasonable diligence, ascertain that there is no other train, locomotive or car in sight. It is claimed that this instruction requires infallibility on the part of those operating a train at a crossing, and is therefore erroneous. We think this claim is not supported. It only requires that the engineer should stop and listen for an approaching train at a point where he can see the crossing of said railroads, and from which he can, by reasonable diligence, ascertain whether another train is approaching, and if his view of the crossing is obstructed he must move his engine and train to a point beyond said obstruction, from which a view of the crossing and approaching train may be had.

It is insisted that the verdict is not sustained by the law and the evidence; that appellee's injury is not the result of any negligence of appellants, but resulted from an independent cause. The following are among the facts shown by the evidence: The collision occurred between engines of the Cincinnati, Hamilton & Dayton Railway Company and the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company, at 10 o'clock in the morn-

ing of a clear day. There was no interlocking switch at the crossing. The station building in question was a one-story frame structure, consisting of four rooms, on the south side of the Cincinnati, Hamilton & Dayton Railway Company's tracks, and on the east side of the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company's tracks. The east room was the women's waiting-room, in which there were fifteen women at the time of the accident. Next to that was the ticket office and train dispatcher's office. West of that was the men's waiting-room, and west of that the baggage room. The women's waiting-room was about fifteen feet square, the men's about the same size, the ticket office ten by fifteen feet, and the baggage room about ten feet square. Just as the boiler of the engine of the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company came across the tracks of the Cincinnati, Hamilton & Dayton Railway Company the engine of the latter struck it. The Cincinnati, Hamilton & Dayton Railway Company's engine was running at a rate variously estimated at from twenty-five to forty miles an hour and the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company's engine at eight miles an hour. By the collision the boiler of the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company's engine was thrown through the baggage room into the men's waiting room, demolishing that end of the building. There were several men in the waiting-room, but all escaped without serious injury. The ticket agent was not hurt. The women's waiting-room was moved about six inches from its foundations, and the noise of crashing timbers and the escaping steam so terrified the women that one fainted, and all made haste to get out of the building. The women's waiting-room extended from the north to the south side of the building. There were two doors, one on the south side and one on the north side. There were four windows, two on the east side, one on the north

side and one on the south side.    The wreck was at the north door.

The plaintiff describes the situation as follows: "The passengers had just started out to take passage on the train, when they turned around and ran back; said there was a wreck. The thought struck me, of course, we will all be killed right here. I heard the crash, and the people holloing that the boiler was going to explode. The house was full of steam, and I thought it was on fire, and I was so frightened. I saw people begin to rush for the windows, some trying to get in and some trying to get out, and of course I started for a window, but was pushed and shoved around.    I got out some way, I hardly know how, but I was pushed down.    I got out of the women's waiting-room through a window, and as I was trying to get out through the window everybody was excited to death; they were pushing and shoving, and everybody was trying to get out first."

Whether appellee was guilty of contributory negligence, and whether the independent force would have been applied, were questions for the jury, and have been answered against appellants.    The joint negligence of the appellants caused appellee's injury, and both are liable to her.

Judgment affirmed.