# CLEVELAND, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY v. WUEST, BY NEXT FRIEND.

[No. 6,210.   Filed February 5, 1908.]

1. TRIAL.—*Interrogatories.—General Verdict.—Conflict.*—The general verdict prevails (1) where the answers to the interrogatories are not in irreconcilable conflict therewith, and (2) where the answers irreconcilable with the general verdict are themselves contradicted by other answers. p. 212.

2. APPEAL.—*Points.—Argument.—Presumptions.* — Where instructions are mentioned as erroneous in the "points" of appellant's brief, but are not mentioned in the argument, the court, on appeal, is justified in treating the assignment as not presented seriously. p. 212.

3. TRIAL. — *Instructions. — Railroads. — Crossings. — Contributory Negligence.*—An instruction, in a personal injury case which, after enumerating particularly the care required of a traveler in attempting to cross a railroad track, further added, that the law required plaintiff to use that degree of care that a person "similar to him" would use under "similar circumstances," is not misleading, although the plaintiff was not an adult, the reference evidently being to a person similarly situated. p. 213.

4. SAME.—*Instructions.—Duplication.*—It is not erroneous to refuse instructions requested, which are already covered by those given. p. 214.

5. TRIAL.—*Instructions.—Weighing Positive and Negative Evidence.
—Railroads.—Signals.*—An instruction that the testimony of witnesses, under similar circumstances, testifying positively to the giving of signals by a train, is entitled to more weight than that of persons testifying that they did not hear such signals, is properly refused. p. 215.

6. APPEAL.—*Weighing Evidence.—Railroads. — Negligence. — Contributory.—Question for Jury.*—Where the evidence as to the negligence of a railroad company in colliding with a traveler on a railroad crossing, and of such traveler's contributory negligence, is conflicting, the questions are for the jury, and their verdict will not be disturbed on appeal. p. 216.

From Ripley Circuit Court; *Willard New,* Judge.

Action by William Wuest, by his next friend, against the Cleveland, Cincinnati, Chicago & St. Louis Railway Company. From a judgment for plaintiff, defendant appeals. (For order requiring appellee to file brief on appeal, see 40 Ind. App. 693). *Affirmed.*

*L. J. Hackney, J. O. Cravens* and *Roberts & Cravens,* for appellant.

*J. H. Connelley,* for appellee.

COMSTOCK, J.—Appellee recovered judgment below for $2,000 for injuries received by him at a highway crossing over the tracks of appellant railway company, by reason of the appellant's alleged negligence. The issues were formed on the amended second paragraph of complaint and the general denial to same. Appellant's motions for judgment on the answers of the jury to interrogatories, and for a new trial, were overruled.

The errors assigned are the overruling of the demurrer to the amended second paragraph of the complaint, to appellant's motion for judgment in its favor on the answers to interrogatories, notwithstanding the general verdict, and the overruling of the appellant's motion for a new trial.

Said paragraph of complaint alleges that on October 28, 1905, William Wuest was driving a team of horses, hitched to a wagon loaded with corn, on and over Fitch avenue, it

being a street in the town of Sunman, Indiana, approaching the defendant's railway track, crossing said avenue from the south; that, as he approached said crossing and drove upon the same, one of defendant's freight-trains was standing on the south main track east of Fitch avenue, with the west end of the caboose standing so as to obstruct part of said crossing and his view of the north main track east of said avenue; that defendant had carelessly and negligently placed said caboose in said position, and carelessly and negligently ran one of its passenger-trains over said crossing from the east, at an extraordinary rate of speed—sixty-five miles an hour—and carelessly and negligently failed to give plaintiff any notice of said passenger-train; that on account of said careless act and omission of the defendant he was injured without any fault on his part; that he suffered great pain in body and mind, and has been permanently injured. The complaint also sets out in detail the location and the condition of the crossing, and the number of tracks and switches at said station. No objection is pointed out to the complaint, nor is its sufficiency discussed. The first specification of error is therefore waived.

The jury returned with the general verdict, answers to 112 interrogatories. A part of these answers do not support the general verdict, others support it very strongly. All considered, they are not in irreconcilable conflict with the verdict, and appellant's motion for judgment thereon was properly overruled.

In the appellant's points and authorities it is said that the seventh, fourteenth and eighteenth instructions, and each of them, given to the jury, is erroneous, but reference is not made to the seventh and fourteenth in the argument, and we conclude that as to them error is not seriously claimed, and we deem it only necessary to say that the point is not well taken.

Said eighteenth instruction is as follows: "As the plaintiff drove along said avenue, approaching said crossing, it

was his duty to realize and have in mind that he was
3. approaching a place of danger, to be on the alert and
use his sense of sight, looking both ways, and use his
sense of hearing, and, if necessary, to stop, look both ways,
and listen to ascertain for himself whether a train was ap-
proaching and whether or not he could safely cross the
tracks.   If his view was obstructed so that he could not
see to the east, then it was his duty all the more carefully
to use his senses in looking and listening for any and all
warnings that would notify him of the approaching train,
and for the purpose of determining whether he could cross
the tracks.   The law says it was his duty to use care and
caution in proportion to the known danger.   The law re-
quired him to use that degree of care and caution that a
person similar to him, of ordinary prudence, would be pre-
sumed to use under similar circumstances.   If he failed to
do this, and that failure contributed in the slightest degree
to the injury complained of, then he cannot recover in this
action, no matter how careless or negligent the defendant
may have been.''

It is argued that this instruction was ''improper, in that
it placed this appellee in a class by himself, and informed
the jury that he was bound to use only the diligence that a
boy of his age, opportunities, intelligence, education, pru-
dence, caution, and all of his characteristics, would, under
the same circumstances, use; that this would require rail-
road companies to adopt measures and courses of conduct,
in the operation of its trains and the transaction of its busi-
ness, adapted to every class and condition of boy and man,
and would require conduct on the part of individuals of
each class to be only of such a degree of prudence and cau-
tion as is used by the ordinary members of that particular
class; that this is not the standard test.''   The instruction,
taken as a whole, is, we think, correct.   The reasonable con-
struction to be placed upon the expression that the law re-
quired him to use that degree of care and caution that a per-

son similar to him, of ordinary prudence, would be presumed to use, under similar circumstances, may fairly be construed to mean a person similarly situated. It was before the jury that he was sixteen years of age, of good eyesight and good hearing, employed as a farm hand, entrusted with and doing the work of a man, familiar with the gentle team which he was driving, and he was entirely familiar with the crossing and the dangers incident thereto. The care which he was expressly required to exercise in the preceding part of the instruction was the care required of a man of ordinary prudence under like circumstances. To hold that the jury could have understood that the injured party was to be held only to the responsibilities of childhood would be unreasonable and unwarranted. *Dull* v. *Cleveland, etc., R. Co.* (1899), 21 Ind. App. 571; *Kolsti* v. *Minneapolis, etc., R. Co.* (1884), 32 Minn. 133, 19 N. W. 655; *Fuller* v. *New York, etc., R. Co.* (1900), 175 Mass. 424, 56 N. E. 574. Cases cited by appellant are distinguished from the case at bar.

In this connection we can properly consider the exceptions taken to the refusal of the court to give the first, second, third and fourth instructions requested by appellant.

4. Said first instruction is as follows: "It is the law in this State that when one approaches the crossing of a railroad and highway, that are practically on the same level, the railroad track itself is a warning of danger, and it is his duty to proceed with caution, and, if he attempts to cross the tracks in a vehicle of any kind, he must exercise ordinary prudence and care under all the circumstances. The passer-by must assume that there is danger at the crossing of a railroad and a highway, and he must act with ordinary care upon that presumption. In proportion as the danger is increased by the obstruction of his view by buildings or by standing trains, in that proportion must he increase his care in attempting to pass over said crossing." Said second and fourth instructions requested, in effect made

it the duty of appellee, if there were obstructions in the way of seeing an approaching train, to take greater care to avoid receiving injury than if such obstructions had not. been present; and if the jury found that, before going upon the track, the plaintiff stopped to look and listen, at a point where he could not see an approaching train, by reason of said obstructions, and that if the jury further found that had the plaintiff dismounted and gone ahead of his team to look up and down the track and the plaintiff did not do so being thereby injured, and that a reasonably prudent man, under the existing circumstances would have done so—the verdict should be for the defendant. Said third instruction would have told the jury that, although the bell on appellant's engine was not rung or the whistle was not sounded as it approached the crossing, yet, if they further found that the engine and train of cars made a noise sufficiently loud for the plaintiff to hear it, before he went upon the crossing, that, notwithstanding the failure of the defendant to ring the bell or sound the whistle, the plaintiff would be guilty of negligence. In other words, without elaboration, the substance of these instructions is given in instruction eighteen, given by the court, and there was no error in refusing them.

Said sixth instruction would have told the jury that some of the witnesses had testified. to hearing signals given, by the sounding of the whistle, as the train that is alleged to have caused plaintiff's injury approached the town of Sunman, and had testified as to the ringing of the bell, while others had testified that they did not hear said signals; that positive evidence that certain signals were given and that certain signals were heard, the credibility and veracity of the witnesses on either hand being equal, is of greater weight than the merely negative testimony that said signals were not heard. It has been held by the Supreme Court and this Court that such instruction would be error. *Ohio, etc., R. Co.* v. *Buck* (1892), 130 Ind.

300; *Cleveland, etc., R. Co.* v. *Schneider* (1907), 40 Ind. App. 524.

Appellant claims that the evidence is not sufficient to sustain the verdict, and particularly that it fails to show that appellant was operating the engine and train that

6. were alleged to have caused appellee's injuries. From the testimony of six witnesses—not the testimony alone of any one—who testified in behalf of appellant, the only reasonable inference that could be drawn is that the train in question was the fast passenger-train, No. 19, of the Cleveland, Cincinnati, Chicago and St. Louis Railway Company, on the Chicago division of said road, operated by its employes, and running between Cincinnati and Chicago. There is a conflict in the evidence as to whether there were any signals given at the approach of the train, as there is, also, as to the speed at which it approached the crossing. Questions both of the negligence of appellant and the contributory negligence of appellee were determined by the jury in favor of appellee. Had the jury found for appellant, we could not have said that the verdict was without support, nor can we, upon the evidence, now say that the verdict returned is without support. The evidence is so voluminous and of such a character that, without rehearsing it, we feel warranted in saying that it would be error to say, as a matter of law, that appellant was negligent, and that it would be equal error to say that, as a matter of law, appellee was guilty of contributory negligence. The case was properly submitted to the jury, under instructions that are fair, if not favorable, to appellant, and we find no reversible error.

Judgment affirmed.