## LOUISVILLE AND SOUTHERN INDIANA TRACTION COMPANY v. WORRELL.

[No. 6,465. Filed November 19, 1908. Rehearing denied January 26, 1909. Transfer denied October 29, 1909.]

1. APPEAL.—*Assignments of Errors.—Suppression of Depositions.— New Trial.*—An independent assignment, on appeal, that the court erred in suppressing a deposition, raises no question, such ruling constituting a ground for a new trial. p. 483.

2. TRIAL.— *Interrogatories.—Street-Cars.—Controllers.—Defects.*— Interrogatories and answers showing that the burning out of a controller was due to an unforeseen and unaccountable cause, are in conflict and nullify others showing that the burning was not caused by an inherent undiscoverable defect, and that there are not many unknown causes that will burn out a controller. p. 484.

3. TRIAL.—*Interrogatories.—When Controlling.*—Answers to the interrogatories to the jury control the general verdict only when they are irreconcilable therewith upon any evidence supposable within the issues. p. 485.

4. TRIAL.— *Instructions.— Negligence.— Contributory.— Appeal.*— An instruction correctly stating the law as to defendant's negligence is not necessarily bad for its failure to charge as to contributory negligence, where other instructions, favorable to defendant, covered that subject. pp. 485, 488.

5. STREET RAILROADS.— *Defective Controllers.— Fright.— Injury from Jumping.*—A woman who was a passenger on a street-car and who jumped from such car while in motion because of fright at the escape of electricity from the controller causing lurid flashes, smoke, and tremors, and setting the car on fire, is not guilty of contributory negligence. p. 487.

6. TRIAL.—*Instructions.—Assuming Facts.—Jury.*—An instruction that certain evidence named does not establish a certain fact, is properly refused, such question being for the jury. p. 487.

7. EVIDENCE.— *Experts.— Explosions on Electric Cars.— Harmless Error.*—Permitting an expert to testify as to explosions on electric cars, within his experience, even if erroneous, was harmless, where the only question was as to the company's negligence at the time in question. p. 487.

8. STREET RAILROADS.— *Defective Appliances.— Passengers.— Injuries.—Burden of Proof.*—Where a passenger on a street-car shows that she was injured because of a defect in such car, the

presumption of negligence arises against the company, and it must satisfactorily overthrow such presumption by other facts. p. 487.

9. TRIAL.—*Burden of Proof.*—*Contributory Negligence.*—The burden of proving contributory negligence, in a personal injury case, is upon the defendant. p. 488.

10. TRIAL.—*General Verdict.*—A general verdict for the plaintiff constitutes a finding in plaintiff's favor upon all of the issues. p. 488.

11. EVIDENCE.—*Failure to Offer.*—*Presumptions.*—*Street Railroads.*—*Defective Cars.*—Where plaintiff shows that she was injured because of a defective controller on a street-car, and the defendant offers no evidence, the jury may construe such failure as an admission of negligence. p. 489.

12. STREET RAILROADS.—*Defective Cars.*—*Negligence.*—*Res Ipsa Loquitur.*—Where a passenger on a street-car is injured because of a defective controller, the doctrine of *res ipsa loquitur* applies. p. 489.

13. NEGLIGENCE.—*Proximate Cause.*—*Street Railroads.*—*Defective Cars.*—Where a passenger on a street-car jumped therefrom because of fright at an explosion of electricity from the controller, such explosion, and not the jumping, is the proximate cause of her injury. p. 489.

14 TRIAL.—*Evidence.*—*Negligence.*—*Several Acts of.*—Where several acts of negligence are alleged, it is only necessary to prove one thereof. p. 489.

15. TRIAL.—*Evidence.*—*Presumptive.*—The plaintiff, in a personal injury case, may recover on presumptive, as well as direct, evidence of defendant's negligent act. p. 490.

From Harrison Circuit Court; *Christopher W. Cook,* Judge.

Action by Clara A. Worrell against the Louisville and Southern Indiana Traction Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Charles D. Kelso, Rowland Evans* and *William Ridley,* for appellant.

*George H. Hester,* for appellee.

COMSTOCK, J.—Appellee sought to recover damages for personal injuries alleged to have been sustained through the negligence of the appellant, its agents and servants, while she

was a passenger upon one of its cars. The complaint was filed in the Clark Circuit Court, and after successive changes of venue was tried in the court from which this appeal is taken, resulting in a verdict and judgment for $2,000 in favor of appellee. With the general verdict the jury returned answers to interrogatories. The issues were formed by amended first and second paragraphs of complaint, separate demurrers thereto, and appellant's answer in general denial.

In the reply brief it is conceded that each paragraph of the complaint states a cause of action. Appellant offered no evidence.

The following is a brief outline of the facts alleged and supported by the evidence: Appellant operates an electric street railway system in the city of Jeffersonville, Indiana. One of its lines extends eastwardly on Chestnut street from Spring street, upon which, at the time of the accident in question, it regularly operated electric cars for the transportation of passengers, as a common carrier. The cars belonged to appellant and were solely under its care, control, inspection and management. It likewise furnished the electric motive-power by which the cars were propelled. On the night of January 31, 1904, between 8 o'clock and 9 o'clock, appellee, for the purpose of being transported to her home on Chestnut street, took passage on one of appellant's cars, and paid the customary fare therefor. It was a small-sized electric car, equipped with front and rear vestibule, with a trolley-pole operating on an overhead wire, with controllers and brakes, and was in all respects similar in appearance and in construction to such electric cars as are universally in use on the streets of towns and cities. There was nothing about the appearance of the car to indicate to appellee that it was not in a safe condition, nor that there was any danger, from any of its defective parts, of an explosion or of its taking fire. The night was dark and cloudy. After the car had run several blocks, the controller on the front platform,

where the motorman was standing, suddenly began to burn, while the car was still running. This burning produced flames of fire, vivid flashes of electricity, and a dense smoke that completely filled the car. It appeared to the passengers, as several of them testified, that the motorman had completely lost control of the car, and that it could not be stopped. There was an instant panic among them. Five women on the car, fearing for their lives, jumped from their seats and started for the rear door, for the purpose of getting off. Appellee was seated nearest to the door. She reached the platform while the car was still burning, and believing that it could not be stopped and was in danger of being burned, and that she was liable to be injured or killed if she remained thereon, she stepped off, as the car was moving at the rate of about five miles an hour, as carefully as was possible under the circumstances, and was thereby thrown to the ground, by reason of which she sustained a broken arm, permanently disabling her from earning a livelihood.

For reversal, appellant relies upon the action of the court in overruling, respectively, its motions for judgment on the answers to interrogatories returned by the jury, notwithstanding the general verdict, for a new trial, and to suppress the deposition of David L. Field. As the ruling last

1. named is not given as a cause for a new trial, but made only an independent assignment of error, no question is presented thereby. And this is true whether the ruling is made before or during the progress of the trial. *Burnett* v. *Milnes* (1897), 148 Ind. 230; *Hatton* v. *Jones* (1881), 78 Ind. 466; *Patterson* v. *Lord* (1874), 47 Ind. 203; *Port Huron Engine, etc., Co.* v. *Smith* (1898), 21 Ind. App. 234; *Capital Nat. Bank* v. *Wilkerson* (1905), 36 Ind. App. 550; *Daunhauer* v. *Hilton* (1882), 82 Ind. 531; *Jeffersonville, etc., R. Co.* v. *Riley* (1872), 39 Ind. 568; *Mercer* v. *Patterson* (1872), 41 Ind. 440; *Ferguson* v. *State, ex rel.* (1883), 90 Ind. 38; Ewbank's Manual, §134.

In arguing that the court erred in overruling appellant's

motion for judgment on the answers to interrogatories, appellant relies upon the answer to interrogatory sixty-three and the absence of an answer to interrogatory sixty-four. Said interrogatories and answer to one are as follows: "63. Was the burning out of the controller the result of some unforeseen and unaccountable cause? A. Yes. 64. If you answer sixty-three in the negative, then please state in detail the cause of the burning out of the controller." No answer.

Counsel for appellant refer to the rule that only the pleadings, the general verdict, and the answers to interrogatories can be considered in determining the force of such interrogatories on the motion in question. Attention is called to the fact that each paragraph of the complaint charges negligence in the care or in the operation of the controller, whereby sparks and flames of fire and flashes of electricity were produced, which alarmed plaintiff and caused her to jump from the car while it was in motion, resulting in her injury. It is insisted that as the burning out of the controller was thus shown to have been the result of some unforeseen and unaccountable cause, appellant was not guilty of negligence in failing to foresee and guard against an unforeseen and unaccountable cause.

Interrogatory forty-four and its answer read: "Was there an inherent defect in the controller, the cause of which neither science, mechanical or electrical research has been able to discover, avoid or remedy? A. No." Interrogatory seventy-six and its answer read: "Were there many unknown causes that would burn out a controller? A. No." The interrogatories and answers just quoted are inconsistent with the answer to the sixty-third. Interrogatory thirty-eight and its answer read: "Do controllers upon streetcars burn out although in apparent good order, and although daily inspected and found in good condition? A. No." In other interrogatories it was found that the car was not inspected the night before the accident, and that the appel-

lant's cars were not inspected daily, on and before the day of the accident. These answers are contradictory to the answer to sixty-three, and make it manifest that the jury did not intend to find that the cause of the accident was not established, nor that the accident was occasioned by "unaccountable cause."

Where answers to interrogatories conflict, or are inconsistent with one another, or are uncertain in their meaning, they will not control the general verdict. They cancel or neutralize one another, and do not overthrow the general verdict. *Wabash R. Co.* v. *Biddle* (1901), 27 Ind. App. 161; *Cleveland, etc., R. Co.* v. *Wuest* (1908), 41 Ind. App. 210.

It has been held in numerous cases that the special findings of fact do not override the general verdict, unless there is a conflict between the two that cannot be reconciled

3. by any evidence legitimately admissible under the issues. *Rhodius* v. *Johnson* (1900), 24 Ind. App. 401; *Flickner* v. *Lambert* (1905), 36 Ind. App. 524; *Cleveland, etc., R. Co.* v. *Wuest, supra.* We do not find in the record before us the conflict necessary to overthrow the general verdict.

Instruction two, given at the request of appellee, is objected to because it fails to charge that if, from the evidence, it was found that appellee was guilty of negligence

4. contributing to her injury, she could not recover.

The instruction correctly states the law, although it does not state all the law. In passing upon the question it is proper to consider other instructions given in reference to appellee's negligence, and which covered the law upon that subject.

Instruction two, given at the request of defendant, stated that if, while plaintiff was riding as alleged in her complaint, the controller on the end of the car burned out, and thereby smoke and flames of fire came forth into the vestibule of the car, but that such flames of fire were confined to the vestibule

of said car, and that after the appearance of said flames plaintiff was assured that there was no danger or cause for alarm, such circumstances did not authorize the plaintiff rashly and heedlessly to jump from the car while it was running at a rate of speed which made it dangerous to jump, and if the plaintiff did so jump, after such warning, then the verdict should be for the defendant.

In other instructions given, the jury was told that it must be satisfied by the preponderance of evidence that the defendant placed the plaintiff in peril by the burning out of the controller, if it did so burn out, before it could find for the plaintiff; that if it should find from the evidence that the plaintiff, by her rashness, heedlessness or carelessness, contributed to the accident, the verdict should be for the defendant; that if the plaintiff injured herself by jumping from the moving car, as the result of a rash apprehension of danger which did not exist, the verdict should be for defendant; that if the plaintiff, without just cause, jumped from the car at a time when it was going at a rate of speed at which it was dangerous to jump, the verdict should be for defendant; that, with reference to whether the plaintiff had just cause to jump from the car, it should consider the conduct of any or all other passengers on the car, and might consider the fact, if found to be a fact, that none of the other passengers jumped from the car.

Instruction twelve reads: "It sometimes happens that from the very nature of an accident it is disclosed that an injury to a passenger might as well have happened through his own negligence as that of the common carrier, and the injury, under such circumstances, raises no presumption that the carrier was negligent, and if you are satisfied from the evidence that the plaintiff needlessly and rashly contributed to her own injury, then your verdict should be for the defendant." The instructions taken together upon this question were favorable to appellant.

There is evidence to show that, moved by the impulse of

fear, caused by the flames of fire, vivid flashes of electricity and smoke that filled the car, appellee carefully stepped off the car, and was thrown to the ground, and received the injuries described. The jury correctly found that appellee's attempt to get away from danger was not negligence. Serious consequences may reasonably have resulted from conditions as they appeared to appellee, and she was not negligent in attempting to escape therefrom. *Cincinnati, etc., R. Co.* v. *Acrca* (1908), 42 Ind. App. 127; *Pennsylvania Co.* v. *McCaffrey* (1894), 139 Ind. 430, 29 L. R. A. 104; *Clarke* v. *Pennsylvania Co.* (1892), 132 Ind. 199, 17 L. R. A. 811; 1 Thompson, Negligence (2d ed.), §196; 3 Thompson, Negligence (2d ed.), §2927.

Objection was made and exception taken to the refusal of court to give instruction thirty-three, tendered by appellant, which reads as follows: "Expert testimony has been introduced in this cause, for the purpose of showing the effect of certain causes, but the court now warns you that such testimony alone does not establish the fact that the wires, electrical apparatus and fuse were defective, uncovered or uninsulated, as alleged in the plaintiff's complaint." This instruction was correctly refused, for the reason, if for no other, that it was for the jury to determine what any particular testimony did or did not establish.

It is insisted that the court erred in permitting Wilfred Gross, an expert witness, to testify as to other explosions on electric cars within his experience, and by what they were caused. Conceding, for the sake of argument and for the purposes of this case only, that such ruling was erroneous, yet it was harmless. The evidence was pertinent only to the question of appellant's negligence.

Where a passenger is injured without his fault, through a defect in the appliance of the car in which he is riding, and which is under the management and control of the carrier, the presumption of negligence arises against the carrier and remains until overthrown by other

facts. *Cleveland, etc., R. Co.* v. *Hadley* (1908), 170 Ind. 204, and cases cited; *Knoefel* v. *Atkins* (1907), 40 Ind. App. 428; *Pittsburgh, etc., R. Co.* v. *Higgs* (1906), 165 Ind. 694, 4 L. R. A. (N. S.) 1081; *Indianapolis St. R. Co.* v. *Schmidt* (1904), 163 Ind. 360; *Cleveland, etc., R. Co.* v. *Newell* (1885), 104 Ind. 264, 54 Am. Rep. 312, and cases cited; *Terre Haute, etc., R. Co.* v. *Sheeks* (1900), 155 Ind. 74, and cases cited; *Louisville, etc., R. Co.* v. *Miller* (1895), 141 Ind. 533, 551, 552, and cases cited; *Kentucky, etc., Bridge Co.* v. *Quinkert* (1891), 2 Ind. App. 244, 252; *Louisville, etc., R. Co.* v. *Faylor* (1890), 126 Ind. 126; *Louisville, etc., R. Co.* v. *Hendricks* (1891), 128 Ind. 462, 464.

The burden of showing appellee guilty of contributory negligence was upon appellant. Appellee denied that she was warned not to leave the car. She alighted carefully. The accident was due to some defect in the appliance of the car, or condition of such appliance, which was peculiarly within the knowledge and control of the appellant. The verdict is a finding against appellant upon all the issues.

The appellee was not guilty of contributory negligence, unless it was that she left her seat to escape apparent danger. This conduct on her part, by many decisions, is held not to have been negligence. *Cincinnati, etc., R. Co.* v. *Acrea, supra; Firebaugh* v. *Seattle Electric Co.* (1905), 40 Wash. 658, 82 Pac. 995, 2 L. R. A. (N. S.) 836, 111 Am. St. 990; *Poulsen* v. *Nassau Electric R. Co.* (1897), 18 Hun, App. Div., 221, 45 N. Y. Supp. 941; *Buckbee* v. *Third Ave. R. Co.* (1901), 64 Hun, App. Div., 360, 72 N. Y. Supp. 217; *Brod* v. *St. Louis Transit Co.* (1905), 115 Mo. App. 202, 91 S. W. 993; *Chicago, etc., Traction Co.* v. *Newmiller* (1905), 215 Ill. 383, 74 N. E. 410, 4 Street Railway Rep. 165 and cases cited in note. The ruling herein applies alike to steam railroads and street and interurban railways. *Bosqui* v. *Sutro R. Co.* (1901), 131 Cal. 390, 63 Pac. 682; *Paynter* v. *Bridgeton, etc., Traction Co.* (1902), 67 N. J. L.

619, 52 Atl. 367, and cases cited; *Brod* v. *St. Louis Transit Co., supra.* If a common carrier is liable, as has been held in numerous cases, for injury to a passenger while remaining passive, such carrier is equally liable to the passenger injured in an attempt to escape a reasonably apprehensible danger.

From the failure of the appellant to offer evidence to explain the explosion, the jury had the right to put a construction upon such failure of the appellant and draw the inference of negligence. *Indianapolis St. R. Co.* v. *Darnell* (1904), 32 Ind. App. 687.

Under the evidence and the law, we are of the opinion that the maxim *"res ipsa loquitur"* applies. It has been held to apply in numerous cases in which the facts were analogous to this case. *German* v. *Brooklyn Heights R. Co.* (1905), 107 Hun, App. Div., 354, 95 N. Y. Supp. 112; *Buckbee* v. *Third Ave. R. Co., supra; D'Arcy* v. *Westchester Electric R. Co.* (1903), 82 Hun, App. Div., 263, 81 N. Y. Supp. 952; *Poulsen* v. *Nassau Electric R. Co., supra; Lynch* v. *Metropolitan St. R. Co.* (1904), 90 N. Y. Supp. 378; *Firebaugh* v. *Seattle Electric Co., supra; Chicago, etc., Traction Co.* v. *Newmiller, supra.*

The responsible cause of appellee's injury was the proximate cause. It was not the act of leaving her seat to escape from the car, but the explosion, that was the direct cause.

Appellant insists that there is an absolute failure of proof that the machinery, wires or appliances of the car were in any way defective, or that the car was negligently operated; that the appellee, having alleged specific acts of negligence, cannot rely upon a presumption; that the burden was on appellee to prove one of the specific acts of negligence charged, and that the doctrine of *res ipsa loquitur* does not apply. Where various acts of negligence are independently pleaded, it is only necessary to prove such facts averred as amount to a cause of action. *New York,*

*etc., R. Co.* v. *Flynn* (1908), 41 Ind. App. 501; *New York, etc., R. Co.* v. *Callahan* (1907), 40 Ind. App. 223; *Indianapolis St. R. Co.* v. *Slifer* (1905), 35 Ind. App. 700; *Terre Haute, etc., R. Co.* v. *McCorkle* (1895), 140 Ind. 613; *Standard Oil Co.* v. *Bowker* (1895), 141 Ind. 12, 16; *Pennsylvania Co.* v. *Witte* (1896), 15 Ind. App. 583.

As to the right of appellee to rely upon the rule referred to, Thompson, in his work on negligence, says: "The plaintiff, in an action for personal injuries, is not deprived of his right to rely upon the doctrine of *res ipsa loquitur* by reason of having averred the particular act of negligence complained of, where such act is the one which legal inference tends to establish." 6 Thompson, Negligence (2d ed.), §7643. In this case the particular acts of negligence charged are such as its legal inference tends to establish. An unsuccessful attempt to prove by direct evidence the precise cause of an accident does not estop the injured party from relying upon the presumption applicable to it. *Cassady* v. *Old Colony St. R. Co.* (1903), 184 Mass. 156, 68 N. E. 10, 63 L. R. A. 285.

Judgment affirmed.